FILED
2018 JUL 17 PM 2:55
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

HINES INTERESTS LIMITED PARTNERSHIP, a Texas limited partnership; URBAN OAKS BUILDERS, LLC, a Delaware limited liability company; 1662 MULTIFAMILY LLC, a Delaware limited liability company; HINES 1662 MULTIFAMILY, LLC, a Delaware limited liability company; HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP, a Texas limited partnership; HIMH GP, LLC, a Delaware limited liability company; HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP, a Texas limited partnership; JCH INVESTMENTS, Inc., a Texas corporation;

 Plaintiffs,

vs.

SOUTHSTAR CAPITAL GROUP I, LLC, a Florida limited liability company; COTTINGTON ROAD TIC, LLC, a Delaware limited liability company; DURBAN ROAD TIC, LLC, a Delaware limited liability company; COLLIS ROOFING, INC., a Florida corporation; DA PAU ENTERPRISES, INC., a Florida corporation; FLORIDA CONSTRUCTION SERVICES, INC., a Florida corporation; STRUCTURAL CONTRACTORS SOUTH, INC., a Florida corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; GEMINI INSURANCE COMPANY, a Delaware corporation; and IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona corporation,

 Defendants.

_____/

CASE NO: 6:18-CV-1147-ORL-22DCI

## GEMINI INSURANCE COMPANY'S NOTICE OF REMOVAL

GEMINI INSURANCE COMPANY ("Gemini"), pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a), explains its grounds for removal as follows:

### I. THE INSURANCE POLICIES INVOLVED IN THIS DISPUTE

1. Gemini issued a commercial general liability insurance policy to HINES INTERESTS LIMITED PARTNERSHIP ("Hines") and URBAN OAKS BUILDERS, LLC, ("Urban Oaks") as the first named insureds, under a policy bearing Policy No. VCWP0001075, with effective dates of 06/28/2012 through 06/28/2017 (the "Gemini policy"). The Gemini policy provides a $2,000,000 limit of insurance per occurrence.

2. IRONSHORE SPECIALTY INSURANCE COMPANY ("Ironshore") issued a commercial excess liability policy to Hines and Urban Oaks bearing Policy No. 001402500 with effective dates of 06/28/2012 through 06/28/2017 (the "Ironshore policy"). The Ironshore policy is excess to the Gemini policy.

3. NAVIGATORS SPECIALTY INSURANCE COMPANY ("Navigators") issued a commercial excess liability policy to Hines and Urban Oaks bearing Policy No. SE12FXS754225IC with effective dates of 06/28/2012 through 06/28/2017 (the "Navigators policy"). The Navigators policy is excess to the Ironshore policy.

### II. THE CONSTRUCTION PROJECT INVOLVED IN THIS DISPUTE

4. 1662 MULTIFAMILY, LLC contracted with URBAN OAKS BUILDERS, LLC ("Urban Oaks") for the construction of an apartment complex at 1662 Celebration Boulevard in Celebration, Florida (the "Project").

5. As part of the Project, subcontractors were required to enroll in a controlled insurance program. Once properly enrolled, the subcontractors would then be named insureds

under the Gemini policy.

6. As the general contractor, Urban Oaks contracted with other subcontractors for the completion of the Project, including COLLIS ROOFING, INC., DA PAU ENTERPRISES, INC., FLORIDA CONSTRUCTION SERVICES, INC., and STRUCTURAL CONTRACTORS SOUTH, INC. (the "Nominal *Insured* Defendants").

7. SOUTHSTAR CAPITAL GROUP I, LLC is managing agent for COTTINGTON ROAD TIC, LLC and DURBAN ROAD TIC, LLC (the "Nominal *Southstar* Defendants"). On 07/01/2016, the Nominal *Southstar* Defendants entered into an agreement with 1662 MULTIFAMILY, LLC to purchase the Project.

8. After the purchase of the Project, the Nominal *Southstar* Defendants made a claim against Urban Oaks and 1662 MULTIFAMILY, LLC, for certain construction defects.

9. Urban Oaks entered into a Warranty Work agreement with the Nominal *Southstar* Defendants, under which Urban Oaks would repair certain construction defects.

10. During the course of the Warranty Work repairs and at the insistence of Hines, Gemini made three payments to Urban Oaks totaling $2,000,000 under the terms of the policy.

11. Gemini tendered the claim to Ironshore, the excess insurer, which disagrees that the Gemini policy has been exhausted

### III. <u>THE UNDERLYING LAWSUIT BETWEEN THE PLAINTIFFS AND NOMINAL DEFENDANTS</u>

12. On or about 02/13/2018, the Nominal *Southstar* Defendants filed suit against Hines; Urban Oaks; 1662 MULTIFAMILY LLC; HINES 1662 MULTIFAMILY, LLC; HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP; HIMH GP, LLC; HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP; and JCH INVESTMENTS, INC. (the "Plaintiff Insureds") in the Circuit Court for Osceola County, Case No. 2018-CA-00415 over

defects in the balconies at the project (the "Underlying Action"). The complaint is attached as Exhibit "A."

13. In the underlying action, the Nominal *Southstar* Defendants bring the following counts against the Plaintiff Insureds: Count I – Piercing the Corporate Veil/Alter Ego; Count II – Fraudulent Non-Disclosure/Fraudulent Inducement; Count III – Breach of Contract, Intentional Withholding of Material Information; Count IV – Statutory Violation of Florida Statutes 553.84; Count V – Negligence.

### IV. THE PRESENT COVERAGE DISPUTE

14. On 06/07/2018, the Plaintiff Insureds filed suit in the Circuit Court for Osceola County, Case No. 2018-CA-01845. The complaint in the Coverage Action is attached as Exhibit "B."

15. The Plaintiff Insureds filed suit against Gemini, Ironshore, and Navigators (Gemini, Ironshore, and Navigators collectively the "Insurer Defendants") for a determination of coverage under the insurance policies. (the "Coverage Action").

16. The Plaintiff Insureds also named the Nominal *Southstar* Defendants.

17. The Plaintiff Insureds also named the Nominal *Insured* Defendants.

18. Count I of the Coverage Action is an action for declaratory relief against Gemini and a demand for jury trial. The Plaintiff Insureds seek a declaration that the Gemini policy provides coverage for the Underlying Action, that Gemini owes a duty to defend in the Underlying Action, and that the Gemini policy has not been exhausted, among other declarations.

19. Count II is an action for declaratory relief against Ironshore and a demand for jury trial. The Plaintiff Insureds seek a declaration that the Ironshore policy provides coverage for the

Underlying Action and that Ironshore owes a duty to defend in the Underlying Action, among other declarations.

20. Count III is an action for declaratory relief against Navigators and a demand for jury trial. The Plaintiff Insureds seek a declaration that the Navigators policy provides coverage for the Underlying Action and that Navigators owes a duty to defend in the Underlying Action, among other declarations.

**There are no causes of action against any of the Nominal *Insured* Defendants or the Nominal *Southstar* Defendants, only the Insurer Defendants.**

21. The Plaintiff Insureds do not bring any counts against defendant COLLIS ROOFING, INC. The Plaintiff Insureds do not seek any relief from COLLIS ROOFING, INC.

22. The Plaintiff Insureds do not bring any count against defendant DA PAU ENTERPRISES, INC. The Plaintiff Insureds do not seek any relief from DA PAU ENTERPRISES, INC.

23. The Plaintiff Insureds do not bring any count against defendant FLORIDA CONSTRUCTION SERVICES, INC. The Plaintiff Insureds do not seek any relief from FLORIDA CONSTRUCTION SERVICES, INC.

24. The Plaintiff Insureds do not bring any count against defendant STRUCTURAL CONTRACTORS SOUTH, INC. The Plaintiff Insureds do not seek any relief from STRUCTURAL CONTRACTORS SOUTH, INC.

25. The Plaintiff Insureds do not bring any count against defendant SOUTHSTAR CAPITAL GROUP I, LLC. The Plaintiff Insureds do not seek any relief from SOUTHSTAR CAPITAL GROUP I, LLC.

26. The Plaintiff Insureds do not bring any count against defendant COTTINGTON ROAD TIC, LLC. The Plaintiff Insureds do not seek any relief from COTTINGTON ROAD

TIC, LLC.

27.     The Plaintiff Insureds do not bring any count against defendant DURBAN ROAD TIC, LLC. The Plaintiff Insureds do not seek any relief from DURBAN ROAD TIC, LLC.

## V. **REMOVAL OF THIS INSURANCE COVERAGE DISPUTE IS APPROPRIATE**

28.     Removal is appropriate under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.     *Removal is appropriate; there is complete diversity of citizenship between all plaintiffs and all defendants.*

29.     "Hines Interests Limited Partnership" is a Texas limited partnership. The sole partner of "Hines Interests Limited Partnership" was at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Texas. Accordingly, "Hines Interests Limited Partnership" is a citizen of the state of Texas. In a prior removal in the United States District Court for the Northern District of Georgia, "Hines Interests Limited Partnership" held itself out as a citizen of the state of Texas. The filing is attached as Exhibit "C." This filing includes a chart explaining that all the partners of "Hines Interests Limited Partnership" are entities whose own citizenship is determined by "JCH Investments, Inc.," Jeffery C. Hines, and Gerald D. Hines, all of whom are citizens of Texas.

30.     "Urban Oaks Builders, LLC" is a Delaware limited liability company. "POC Holdings 2, Inc." is the sole member of "Urban Oaks Builders, LLC" and was at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Texas. Accordingly, "Urban Oaks Builders, LLC" is a citizen of the state of Texas. The tax account status for "POC Holdings 2, Inc." filed with the Texas Office of the Comptroller is attached as Exhibit "D." A memo from counsel providing the structure of the entities is attached

as Exhibit "E."

31. "1662 Multifamily, LLC" is a Delaware limited liability company. "Hines 1662 Multifamily, LLC" is the sole and managing member of "1662 Multifamily, LLC." "Hines 1662 Multifamily, LLC" was at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Texas. Accordingly, "1662 Multifamily, LLC" is a citizen of the state of Texas. *See* Exhibit "E."

32. "Hines 1662 Multifamily, LLC" is a Delaware limited liability company. "Hines Investments Management Holdings Limited Partnership" is the sole and managing member of "Hines 1662 Multifamily, LLC." "Hines Investments Management Holdings Limited Partnership" was at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Texas. Accordingly, "Hines 1662 Multifamily, LLC" is a citizen of the state of Texas. *See* Exhibit "E."

33. "Hines Investments Management Holdings Limited Partnership" is a Texas limited partnership. "HIMH GP, LLC" is the sole general partner of "Hines Investments Management Holdings Limited Partnership". "HIMH GP, LLC" was at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Texas. Accordingly, "Hines Investments Management Holdings Limited Partnership" is a citizen of the state of Texas. *See* Exhibit "E."

34. "HIMH GP, LLC" is a Delaware limited liability company. "Hines Real Estate Holdings Limited Partnership" is the sole member of "HIMH GP, LLC." "Hines Real Estate Holdings Limited Partnership" was at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Texas. Accordingly, "HIMH GP, LLC" is a citizen of the state of Texas. *See* Exhibit "E."

35. "Hines Real Estate Holdings Limited Partnership" is a Texas limited partnership. "JCH Investments, Inc." is the sole general partner of "Hines Real Estate Holdings Limited Partnership." "JCH Investments, Inc." was at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Texas. Accordingly, "Hines Real Estate Holdings Limited Partnership" is a citizen of the state of Texas. *See* Exhibit "E."

36. "JCH Investments, Inc." was at all times, including at the time this action was commenced, and this notice filed, a Texas corporation with its principal place of business in Texas. Accordingly, "JCH Investments, Inc." is a citizen of the state of Texas. *See* Exhibit "E."

37. "Southstar Capital Group I, LLC" is a Florida limited liability company. All of the members of "Southstar Capital Group I, LLC" were at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Florida. Accordingly, "Southstar Capital Group I, LLC" is a citizen of the state of Florida.

38. "Cottington Road TIC, LLC" is a Delaware limited liability company. All of the members of "Cottington Road TIC, LLC" were at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Florida. Accordingly, "Cottington Road TIC, LLC" is a citizen of the state of Florida.

39. "Durban Road TIC, LLC" is a Delaware limited liability company. All of the members of "Durban Road TIC, LLC" were at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Florida. Accordingly, "Durban Road TIC, LLC" is a citizen of the state of Florida.

40. "Collis Roofing, Inc." was at all times, including at the time this action was commenced, and notice filed, a Florida corporation with its principal place of business in Florida. "Collis Roofing, Inc." is accordingly a citizen of the state of Florida. The record for

"Collis Roofing, Inc." filed with the Florida Department of State, Division of Corporations is attached as Exhibit "F."

41. "Da Pau Enterprises, Inc." was at all times, including at the time this action was commenced, and notice filed, a Florida corporation with its principal place of business in Florida. "Da Pau Enterprises, Inc." is accordingly a citizen of the state of Florida. The record for "Da Pau Enterprises, Inc." filed with the Florida Department of State, Division of Corporations is attached as Exhibit "G."

42. "Florida Construction Services, Inc." was at all times, including at the time this action was commenced, and notice filed, a Florida corporation with its principal place of business in Florida. "Florida Construction Services, Inc." is accordingly a citizen of the state of Florida. The record for "Florida Construction Services, Inc." filed with the Florida Department of State, Division of Corporations is attached as Exhibit "H."

43. "Structural Contractors Services, Inc." was at all times, including at the time this action was commenced, and notice filed, a Florida corporation with its principal place of business in Florida. "Structural Contractors Services, Inc." is accordingly a citizen of the state of a Florida. The record for "Structural Contractors Services, Inc." filed with the Florida Department of State, Division of Corporations is attached as Exhibit "I."

44. "Gemini Insurance Company" was at all times, including at the time this action was commenced, and this notice filed, a Delaware corporation with its principal place of business in Connecticut. "Gemini Insurance Company" is accordingly a citizen of the states of Delaware and Connecticut. The company report for "Gemini Insurance Company" on file with the Florida Office of Insurance Regulation is attached as Exhibit "J."

45. "Ironshore Specialty Insurance Company" was at all times, including at the time

this action was commenced, and this notice filed, an Arizona corporation with its principal place of business in New York. "Ironshore Specialty Insurance Company" is accordingly a citizen of the states of Arizona and New York. The company report for "Ironshore Specialty Insurance Company" on file with the Florida Office of Insurance Regulation is attached as Exhibit "K."

46. "Navigators Specialty Insurance Company" was at all times, including at the time this action was commenced, and this notice filed, a New York corporation with its principal place of business in New York. Navigators is accordingly a citizen of the state of New York. The company report for "Navigators Specialty Insurance Company" on file with the Florida Office of Insurance Regulation is attached as Exhibit "L."

47. All Plaintiff Insureds are citizens of the Texas.

48. All of the defendants in this action, putting aside whether they are nominally interested or not, are citizens of Arizona, Connecticut, Delaware, Florida, and New York.

49. Stated differently, there is complete diversity between the Plaintiff Insureds on one hand, and the Nominal *Southstar* Defendants, the Nominal *Insured* Defendants, and the Insurers on the other hand.

50. For the Court's convenience, the following chart summarizes the citizenship and posture of all of the parties in this insurance coverage dispute:

| Plaintiff Insureds | Citizenship |
|---|---|
| Hines Interests Limited Partnership | TX |
| Urban Oaks Builders, LLC | TX |
| 1662 Multifamily LLC | TX |
| Hines 1662 Multifamily, LLC | TX |
| Hines Investment Management Holdings Limited Partnership | TX |
| HIMH GP, LLC | TX |
| Hines Real Estate Holdings Limited Partnership | TX |
| JCH Investments, Inc | TX |
| **Nominal *Southstar* Defendants** | **Citizenship** |
| Southstar Capital Group I, LLC | FL |
| Cottington Road TIC, LLC | FL |
| Durban Road TIC, LLC | FL |
| **Nominal *Insured* Defendants** | **Citizenship** |
| Collis Roofing, Inc. | FL |
| Da Pau Enterprises, Inc. | FL |
| Florida Construction Services, Inc. | FL |
| Structural Contractors South, Inc. | FL |

| Insurer Defendants | Citizenship |
|---|---|
| Gemini Insurance Company | DE, CT |
| Ironshore Specialty Insurance Company | AZ, NY |
| Navigators Specialty Insurance Company | NY, NY |

**B.      *There is unanimity in removal among the Insurer Defendants, which are the only interested defendants in this coverage action.***

51.     The rule of unanimity in removal requires that in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition. 28 U.S.C. § 1446(b)(2)(A); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). The consent of fraudulently joined or nominal parties, however, is not required; their lack of consent or indifference does not defeat removal. *Id.*; *see also, Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). In general, "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Smith v. Health Ctr. of Lake City*, 252 F.Supp.2d 1336, 1339 n.5 (M.D. Fla. 2003) (*quoting Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen*, 427 F.2d 325, 327 (5th Cir. 1970)). "The ultimate test of whether the ... defendants are ... indispensable parties ... is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Id.* A nominal party includes a party with no legal interest in the outcome of the action and a party in whose absence the plaintiff can obtain sufficient relief. *Tri–Cities Newspapers,* 427 F.2d at 327.

52.     Ironshore has consented to removal, which is attached as Exhibit "M."

53.     Navigators has consented to removal, which is attached as Exhibit "N."

54.     The Plaintiff Insureds do not bring any counts against the Nominal *Southstar* Defendants or seek any relief from the Nominal *Southstar* Defendants; they are mere nominal parties. Consent accordingly is not required from the Nominal *Southstar* Defendants for removal.

55.     The Plaintiff Insureds do not bring any counts against the Nominal *Insured* Defendants or seek any relief from the Nominal *Insured* Defendants. The Nominal *Insured* Defendants are nominal parties. No consent is required from the Nominal *Insured* Defendants for

removal.

### C. To the extent consent of the Nominal Insured Defendants or Nominal Southstar Defendants is needed, they should be realigned because their interests are aligned with the Insured Plaintiffs.

56. In the alternative, to the extent the Nominal *Southstar* Defendants and the Nominal *Insured* Defendants are not nominal parties and do have any interest in the outcome of this lawsuit, that interest is aligned with the Plaintiff Insureds in establishing coverage. If necessary, this Court should realign them as plaintiffs, for purposes of diversity jurisdiction. *See, e.g., City of Vestavia Hills v. General Fid. Ins. Co.*, 676 F.3d 1310, 1314 (11th Cir. 2012) (affirming district court's order denying remand, because federal courts are required to "look beyond the pleadings and arrange the parties according to their sides in the dispute, as determined by the principle purpose of the suit and the primary and controlling matter in dispute"); *Wheeler's Moving & Storage, Inc. v. Markel Ins. Co.*, No 11-80272-CIV, 2011 WL 3419633, at *2 (S.D. Fla. Aug. 4, 2011) ("[I]f interests of a party named as a defendant coincide with those of plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes."); *La Shangrila, Inc. v. Hermitage Ins. Co.*, No 8:07-cv-1133-T-24-EAJ, 2007 WL: 2330912, at *2 (M.D. Fla. Aug. 13, 2007) (realigning parties in removed case based on interests; usual alignment in a declaratory judgment action is insurer against insured and an injured party); *Trovillon Constr. & Dev., Inc. v. Mid-Continent Cas. Co.*, No. 6:12-cv-914-Orl-37TBS, 2014 WL 01678 (M.D. Fla. Jan. 27, 2014) (same).

57. Once realigned, there is then complete diversity of citizenship between the insured defendants and the Insurer Defendants.

### D. Removal is appropriate; the requisite amount in controversy is satisfied.

58. In the Coverage Action complaint, the Plaintiff Insureds allege that there are more

than $45,000,000 in damages at issue in the Underlying Action. (*See* Ex. B, ¶ 43.) There is a dispute amongst the Plaintiff Insureds and the Insurer Defendants as to what coverage is owed under the insurance policies, each of which provides multi-million dollar limits of insurance. Accordingly, it is evident that the amount in controversy is in excess of $75,000, exclusive of interest, attorney's fees and costs.

### E. *Removal is appropriate; removal is timely.*

59. On June 21, 2018, Gemini received a copy of the complaint from counsel for COLLIS ROOFING, INC.

60. On June 28, 2018, Gemini was served with the complaint by the Plaintiff Insureds. Pursuant to 28 U.S.C. § 1446(b)(1), this notice is accordingly timely since it was filed within thirty days after received a copy of the pleading, "through service or otherwise."

### F. *Removal is appropriate; all of the elements are satisfied.*

61. As explained in the sections above, the state court action may be removed to this Court under 28 U.S.C. § 1441(a) because: (a) this action is a civil action pending within the jurisdiction of the United States District Court for the Middle District of Florida; (b) this action is between citizens of different states; and (c) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

62. Pursuant to 28 U.S.C. § 1446(b) and Local Rule 4.02(b), a copy of all process, pleadings, orders, and other papers that Gemini has received are attached as Composite Exhibit "O."

63. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on counsel for all parties, and a notice of filing is simultaneously being filed with the Clerk of the Circuit Court in and for Osceola County, Florida.

64. Gemini, under 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully requests that this Court remove this action, which is currently pending in the Circuit Court, Ninth Judicial Circuit in Osceola County, Florida.

Respectfully submitted,

/s/KEVIN M. NESLAGE
SINA BAHADORAN
Florida Bar No. 523364
Sina.Bahadoran@Clydeco.us
KEVIN N. NESLAGE
Florida Bar No. 123627
Kevin.Neslage@Clydeco.us

CLYDE & CO US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646