# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HINES INTERESTS LIMITED PARTNERSHIP, a
Texas limited partnership; URBAN OAKS
BUILDERS, LLC, a Delaware limited liability
company; 1662 MULTIFAMILY LLC, a Delaware
limited liability company; HINES 1662
MULTIFAMILY, LLC, a Delaware limited liability
company; HINES INVESTMENT MANAGEMENT
HOLDINGS LIMITED PARTNERSHIP, a Texas
limited partnership; HIMH GP, LLC, a Delaware
limited liability company; HINES REAL ESTATE
HOLDINGS LIMITED PARTNERSHIP, a Texas
limited partnership; JCH INVESTMENTS, Inc., a
Texas corporation;

     Plaintiffs,                          CASE NO. 6:18-cv-1147-ACC-DCI

v.

SOUTHSTAR CAPITAL GROUP I, LLC, a Florida
limited liability company; COTTINGTON ROAD
TIC, LLC, a Delaware limited liability company;
DURBAN ROAD TIC, LLC, a Delaware limited
liability company; COLLIS ROOFING, INC., a
Florida corporation; DA PAU ENTERPRISES,
INC., a Florida corporation; FLORIDA
CONSTRUCTION SERVICES, INC., a Florida
corporation; STRUCTURAL CONTRACTORS
SOUTH, INC., a Florida corporation;
NAVIGATORS SPECIALTY INSURANCE
COMPANY, a New York corporation; GEMINI
INSURANCE COMPANY, a Delaware
corporation; and IRONSHORE SPECIALTY
INSURANCE COMPANY, an Arizona
corporation,

     Defendants.

_____/

**PLAINTIFFS' RESPONSE[1] TO DEFENDANT, GEMINI INSURANCE COMPANY'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, HINES INTERESTS LIMITED PARTNERSHIP, URBAN OAKS BUILDERS, LLC, 1662 MULTIFAMILY LLC, HINES 1662 MULTIFAMILY, LLC, HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP, HIMH GP, LLC, HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP, and JCH INVESTMENTS, INC. (collectively, the "Insureds"), by and through their undersigned counsel, hereby responds to Defendant, GEMINI INSURANCE COMPANY's ("Gemini") Motion to Dismiss or, Alternatively, Motion for More Definite Statement and Incorporated Memorandum of Law [Doc. 32] ("Gemini's Motion"), and state:

## I.   BACKGROUND

This case arises from an underlying state court construction defect action of the construction of a 306-unit apartment project located in Celebration, Florida ("the Project"), in the matter styled Southstar Capital Group I, LLC, et. al. v. 1662 Multifamily LLC, et. al., Case No. 2018-CA-000415, pending in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida (the "Underlying Action"). See [Doc. 2], ¶¶21, 44.

1662 Multifamily was the original owner of the Project. [Doc. 2], ¶23. UOB was retained by 1662 Multifamily to be the General Contractor and to construct the Project. Id., ¶24. UOB contracted with subcontractors on the Project. Id., ¶25. For this Project and other projects, Hines Interests LP and/or UOB procured controlled insurance program

---

[1] On September 4, 2018, UOB filed a Suggestion of Bankruptcy [Doc. 46]. However, given that the Debtor UOB is prosecuting these claims, Plaintiffs file this response.

("CIP") policies through Gemini, Ironshore and Navigators. Id., ¶32. Subcontractors that worked on the Project were also enrolled in the CIP. Id., ¶33.

### A. **The CIP Policies**

Gemini issued to Hines Interests LP and UOB a "Commercial General Liability, Policy," under policy number VCWP0001075, with an effective date of June 28, 2012, to July 31, 2017 (hereinafter the "Gemini Policy"). Id., ¶33. The Gemini Policy provides the following limits of liability: $2,000,000 each occurrence; $4,000,000 general aggregate; $4,000,000 products-completed operations aggregate limit. Id., ¶34.

Ironshore issued to UOB an "ExcessProtect Commercial Excess Liability Policy", under policy number 00102500, with an effective date of June 28, 2012, to July 31, 2017 (hereinafter the "Ironshore Excess Policy"). Id., ¶35. The Ironshore Excess Policy provides the following limits of liability: $10,000,000 each occurrence, per claim or per loss; $25,000,000 general aggregate; $20,000,000 product/completed operations aggregate. Id., ¶36. The Ironshore Excess Policy contains an "ExcessProtect Schedule of Underlying Insurance" Endorsement, Form CEL.END.001(10/11), which provides that the controlling underlying insurance is Gemini Policy. Id., ¶36.

 Navigators issued to UOB a "Follow Form Excess Liability Policy," under policy number SE12FXS754225IC, with an insuring agreement of June 28, 2012, to July 31, 2017 (hereinafter the "Navigators Excess Policy"). Id., ¶38. The Navigators Excess Policy provides the following limits as modified by "Amendment – Aggregate Limits of Insurance" Endorsement, Form NAV-ECD-100 (3/05): $15,000,000 each event; $15,000,000 general aggregate; and $15,000,000 for products-completed operations aggregate. Id., ¶39. The Navigators Excess Policy contains an "Amendment-Schedule of Underlying"

Endorsement, Form NAV-ECD-104 (05/10), which provides that the Ironshore Excess Policy as underlying insurance. Id., ¶40.

### B. **The Underlying Action**

The original construction of the Project was completed in February 2016. On or about July 1, 2016, Southstar, as manager and agent for Cottington and Durban Road, entered into an agreement with 1662 Multifamily to purchase the Project.  Id., ¶42.

Southstar has made claims against the Insureds on the Project for damages related to defective construction and other claims. Id., ¶43.  Southstar estimates the cost of the repairs required due to the allegedly defective work and resulting damages (including lost rent allegedly caused by the need to vacate the apartments as a result of the defective work) ***at more than $45,000,000***. Southstar further estimates that for the lost rent claim alone, damages will continue to escalate at ***over $451,000 each month***. Id., ¶44 (emphasis added).

Insureds have demanded that Gemini, Ironshore, and Navigators defend them for the claims and in the Underlying Action. Id., ¶49. Yet, neither Gemini, Ironshore, nor Navigators have agreed to defend the Insureds.  Id., ¶44. To be sure, Gemini contends it does not have to defend the Insureds because it believes its policy is exhausted under the single occurrence limit. See [Doc. 32]. On the other hand, Ironshore contends, among other arguments, that Gemini must still defend the Insureds because the Underlying Action concerns multiple occurrences, which means that regardless of whether Gemini paid $2,000,000.00, Gemini must still defend the Insured since the Gemini Policy's general aggregate limit of liability of $4,000,000.00 is not exhausted. See [Doc. 33].

In short, Gemini, Ironshore and Navigators have elected fight amongst themselves over who should defend the Insureds rather than actually protecting the Insureds by defending. Gemini, Ironshore, and Navigators have decided to engage in this behavior in a case where the claimants in the Underlying Action have demanded more than $45,000,000.00—an amount that clearly reaches and exceeds all the policies listed. Consequently, the Insureds filed this instant case against Gemini, Ironshore and Navigators seeking declarations on the duty to defend and indemnify the insureds in the Underlying Action. [Doc. 2].

## II.   MEMORANDUM OF LAW

### A.   Motion to Dismiss Standard

Upon consideration of a motion to dismiss, the Court takes the factual allegations as true and construes the complaint in the light most favorable to the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); see also McNider Marine, LLC v. Cain & Daniels, Inc., No. 8:17-cv-2561-T-24 JSS, 2018 WL 1382768, at *1 (M.D. Fla. Mar. 19, 2018) ("In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.").

The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. FED. R. CIV. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both

the claim and the supporting grounds. <u>Twombly</u>, 550 U.S. at 555-56. A motion to dismiss "should not be granted if the factual allegations 'are enough to raise a right to relief above the speculating level.'" <u>FTC v. Student Aid Ctr., Inc.</u>, 281 F. Supp. 3d 1324, 1331 (S.D. Fla. 2016) (quoting <u>Twombly</u>, 550 U.S. at 555). "A complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely.'" <u>Id</u>. (quoting <u>Twombly</u>, 550 U.S. at 556).

### B. Standard for More Definite Statement

Rule 12(e), Fᴇᴅ. R. Cɪᴠ. P. provides in relevant part that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably by required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading.

Most Courts disfavor the use of Rule 12(e) because it is often used to delay the proceedings. <u>Royal Shell Vacations, Inc. v. Scheyndel</u>, 233 F.R.D. 629, 630 (M.D. Fla. 2005) citing <u>Dismuke v. Florida Board of Governors</u>, 2005 WL 1668895 (M.D. Fla. July 8, 2005) (citing Fᴇᴅ. R. Cɪᴠ. P. 12(e)). Motions for more definite statements should only be granted where the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. <u>Id</u>. A motion for more definite statement should not be used as a means of discovery. <u>Pucci v. USAir</u>, 940 F.Supp. 305, 310 (M.D. Fla. 1996).

### III. Gᴇᴍɪɴɪ's Mᴏᴛɪᴏɴ Sʜᴏᴜʟᴅ ʙᴇ Dᴇɴɪᴇᴅ ʙᴇᴄᴀᴜsᴇ ᴛʜᴇ Cᴏᴍᴘʟᴀɪɴᴛ Sᴛᴀᴛᴇs ᴀ Cʟᴀɪᴍ

### A. The Complaint States a Claim for Relief

The Complaint states a claim for relief. Therefore, the Insureds request that Gemini's Motion to Dismiss be denied. As its first argument, Gemini alleges that the Complaint contains "irreconcilable and contradictory allegations". <u>See</u> [Doc. 32], p. 5.

Gemini argues that the complaint fails to state a claim against Gemini because it alleges that the two excess insurers Ironshore and Navigators owe the Insureds a duty to defend which is inconsistent. Id.  Gemini's argument fails.

First, the standard in a motion to dismiss states that a motion to dismiss "should not be granted if the factual allegations 'are enough to raise a right to relief above the speculating level.'" FTC v. Student Aid Ctr., Inc., 281 F. Supp. 3d 1324, 1331 (S.D. Fla. 2016) (quoting Twombly, 550 U.S. at 555).  Insureds have shown they are entitled to seek a declaration of the duty to defend based on the allegations of the Complaint. Here, the Complaint seeks declaratory relief as to the certain rights, duties and obligations under various insurance policies.[2]  Insureds seek a declaration on their right, duties, and obligations owed to them under the Gemini Policy, including, but not limited to:

a.    The applicability of the Gemini Policy to the damages as alleged in the Underlying Action;

b.    The Subcontractor Defendants are insureds under the Gemini Policy;

c.    Whether the damages alleged in the Underlying Action constitute "property damage";

d.    Whether there is an "occurrence";

e.    Whether the damages alleged in the Underlying Action constitute more than one "occurrence";

f.    Whether the damages sustained constitute a covered loss under the Gemini Policy in the Underlying Action; and

g.    Whether Florida or Texas law applies to the interpretation of the Gemini Policy.

[Doc. 2], ¶ 55.   Specifically the WHEREFORE clause states that the "Plaintiffs respectfully request that this Honorable Court declare the rights of the parties as follows":

a.    That this Court has jurisdiction over the subject matter;

b.    That this Court has jurisdiction over the parties in this matter;

---

[2] Plaintiffs initially filed this lawsuit in state court, which was later removed by Gemini to this Court. However, at the time of filing, the Complaint was brought under Florida' Declaratory Judgment Act.

c.    That the Gemini Policy applies to the damages as alleged in the Underlying Action;

d.    That Gemini owes a duty to defend Plaintiffs from any and all claims in the Underlying Action;

e.    That Gemini owes a duty to indemnify Plaintiffs from any and all claims in the Underlying Action;

f.    That the damages alleged in the Underlying Action constitute "property damage";

g.    That the damages alleged in the Underlying Action constitute an "occurrence";

h.    That the damages alleged in the Underlying Action constitute more than one "occurrence";

i.    Whether the damages sustained constitute a covered loss under the Gemini Policy;

j.    That the Gemini Policy provides coverage for Plaintiffs' liability;

k.    The Subcontractor Defendants are insureds under the Gemini Policy;

l.    Determine whether Florida or Texas law applies to the interpretation of the Gemini Policy;

m.    That Plaintiffs have the right to control the defense in the Underlying Action due to the breach of the Policy;

n.    That the Gemini Policy provides coverage for Plaintiffs' legal expenses incurred in addressing the claims of Southstar, Cottington, and Durban Road in the Underlying Action;

o.    That Gemini owes attorneys' fees and costs pursuant to Florida Statutes §§ 627.428, 57.104, 57.041, and/or 627.9373 and/or § 542.060 Tx. Ins. and §38.001 Tx. Civ. Prac. & Rem.;

p.    That this Court retain jurisdiction to grant supplemental relief pursuant to § 86.061, Florida Statutes, including but not limited to any determinations relative to coverage for indemnification for the claim and/or the scope of coverage available for the damages alleged in the Underlying Action and pursuit of extra-contractual damages; and

q.    All other relief as this Honorable Court deems just and proper.

Id. at p. 13-14.

The Insureds' Complaint meets the pleading requirements of Rule 8 by establishing the existence of an "actual controversy" between the parties suitable for a declaratory judgment by this Court. Specifically, the Complaint states the Gemini issued a policy of insurance to the Insureds and attaches a copy of the policy which outlines the duties Gemini owes to its insureds. [Doc. 2], ¶¶ 33-34, [Doc. 2-15 & 2-16]. The Complaint

states and attaches the claim and lawsuit against the Insureds. Id., ¶¶ 44-48. The Complaint states that Insureds have demanded that Gemini and the other insurance carriers defend them in the Underlying Action and that Gemini has not defended the Insureds. Id., ¶ 49, 50. Additionally, the Complaint states "Plaintiffs are in doubt as to their right, duties, and obligations owed to them pursuant to the Gemini Policy, including, but not limited to:….." [Doc. 2], ¶ 55.  The Complaint further states that "Plaintiffs are in need of and entitled to a judicial declaration . . ." regarding the same. Id. The Complaint states that an "actual controversy exists….." Id. The Complaint makes these allegations based on Gemini's refusal to defend the Insureds. These facts enable the Insureds to state a claim for declaratory relief. See Killian Palms Country Club and Sports Complex, LLC v. Scottsdale Ins. Co., 2011 WL 13223719, *2-3 (S.D. Fla. Aug. 16, 2011) (holding that insured state a claim for declaratory relief where its complaint contained allegations that its insurer had denied the insured a contractual right).

Gemini's arguments in their Motion further establishes that there is a present "actual controversy" that is ripe for adjudication by this Court with respect to the application of the Gemini Policy to the claims asserted in the Underlying Action. The crux of Gemini's argument is that because it paid $2,000,000.00 it does not have to defend the Insureds. However, if this Court declares the Underlying Action concerns multiple occurrences, then that $2,000,000.00 payment is nothing more than a red herring because Gemini would have to put at least an additional $2,000,000.00 subject to the $4,000,000.00 general aggregate limit of liability. But the mere fact that Gemini contests its defense obligation on the single occurrence limit establishes the existence of an actual controversy the Insureds are entitled to receive a declaration on.

Second, a complete reading of the Complaint addresses Gemini's concerns regarding inconsistency – Count I seeks a declaration "Whether there is an "occurrence'". [Doc. 2], ¶ 55(d).  As noted above, none of the insurance carriers are defending.  Id., ¶44. Instead, Gemini, Ironshore and Navigators are fighting amount themselves as to which party should be defending the Insureds, while Insureds are left defending themselves in the Underlying Action. To this point, Gemini has stated that its policy is exhausted under the single occurrence limit and thus it owes no duty to defend. See [Doc. 32].  Ironshore, the first excess policy, has filed a counterclaim against Gemini stating that Gemini owes a duty to defend the Insureds because it has not yet exhausted under a single occurrence, and even if it did pay under a single occurrence, Gemini still owes a duty to defend because there were multiple occurrences. See [Doc. 33]. Insureds seek a declaration as to the number of occurrences as to this issue. [Doc. 2], ¶ 55(d) and p. 14, subsection (h).  There are two possible rulings in this regard: (1) multiple occurrences exist, which precludes the exhaustion of Gemini's Policy and means Gemini has a duty to defend the Insureds or (2) a single occurrence applies, Gemini's policy is exhausted (setting aside the arguments that the payments made by Gemini were for covered "property damage"), and Ironshore and/or Navigators has a duty to defend. Thus, the allegations in the Complaint are not inconsistent.

The purpose behind the Declaratory Judgment Act is to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, which the Insureds seek in their Complaint. See Rozier v. Hartford Ins. Co. of the Midwest, No. 14-CIV-20547, 2014 WL 6751639, at *4 (S.D. Fla. Dec. 1, 2014). Insureds' Complaint

pleads sufficient facts that entitle them to seek this relief. Accordingly, Gemini's Motion fails to establish that dismissal is appropriate under Rule 12(b)(6) and must be denied.

### B.  Declaratory Relief against All Defendants is Proper

As it second argument, Gemini argues that the Complaint violates Rule 8 by seeking the same declaratory relief against Gemini, Ironshore and Navigators. See [Doc. 32], p. 7. Again, this argument fails.

Initially, there are separate counts against each insurance carrier that seeks their rights, duties and obligations respective to their policies as evidenced by the attachment of their policies. The Court will be required to review each policy and make a declaration owed under each policy. Contrary to Gemini's broad and blanket assertions, Insureds seek separate declarations as to each insurance carrier, which is why a separate count is directed to each individual carrier. For example, the Count I, which is directed to Gemini, seeks a declaration of Plaitintiffs' "rights, duties and obligation, regarding the [requested declarations] under the ***Gemini Policy.***" See [Doc. 2], ¶ 55. Conversely, Count II, which is directed at Ironshore, seeks "rights, duties and obligation, regarding the [requested declarations] under the ***Ironshore Excess Policy.***" Id., ¶ 62.

Additionally, as stated above, because no insurance carrier is defending the Insureds, the Insureds are entitled to seek a declaration as to the duty to defend as to each carrier. Either Gemini or Ironshore owe a duty to defend based upon the specific declarations that Insureds seek, which apply under all the policies at issue here. Insureds are entitled to seek this relief at this state of litigation. See Rozier v. Hartford Ins. Co. of the Midwest, No. 14-CIV-20547, 2014 WL 6751639, at *4 (S.D. Fla. Dec. 1, 2014)(citing Diamond Ctr., Inc. v. Leslie's Jewelry Mfg. Corp., 562 F.Supp. 2d 1009, 1017 (W.D. Wis.

2008) (holding in favor of plaintiff whose claims included different types of relief); *accord* In re Light Cigarettes Mktg. Sales Practices Litig., 751 F.Supp. 2d 183 (D.Me. 2010) (allowing plaintiffs in a multi-district litigation to assert multiple and duplicative, legal and equitable, claims for relief).

Moreover, many of the same declarations are sought against each defendant insurance carrier because they must all be bound to the same determinations and declarations to certain declarations as to what damages alleged in the Underlying Action constitute "property damage"[3] which is the same defined term in each policy. This avoids inconsistent outcomes.

As such, Gemini's Motion fails to establish that dismissal is appropriate under Rule 12(b)(6) and must be denied.

### C.  The Complaint is Clear and a More Definite Statement is Not Needed

Lastly, Gemini argues the Complaint is "too vague and inconsistent" for Gemini to meaningfully respond. [Doc. 32], p. 8.  Yet, despite this apparent vagueness, Gemini drafted a 10-page response directed at the Complaint wherein Gemini identified the pertinent issues and was even able to center its argument on the exhaustion the single occurrence limit of liability. To this point, Gemini is clearly on notice as to the claim for relief.

---

[3] The Gemini Policy defines "property damage" as "(a) physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or (b) loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it." [Doc. 2-1], p. 21. The excess policies adopt the same terms. See [Doc. 2-17], p. 7.

The federal system judges pleading under a notice standard. <u>Scheyndel</u>, 233 F.R.D. at 630 (M.D. Fla. 2005) *citing* <u>Reich v. Gentle Dental Care of Sarasota, Inc.</u>, 1996 WL 78361 (M.D. Fla. Feb. 16, 1996). The rules state in pertinent part:

> [a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third party claim, shall contain (1) short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim, and (3) a demand for judgement for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a). Therefore, if the Plaintiff's complaint indicates generally the type of litigation involved it is sufficient to put the Defendants on notice. <u>Reich</u>, 1996 WL 78361 *2.

Here, Gemini is clearly aware of the relief requested. In fact, Gemini even points to allegations specific to this claim that it wants included in the Complaint in order to vindicate its position. Certainly, if Gemini is able to identify the pertinent issues and then posit facts in support of its position, the Complaint contained sufficient facts to put Gemini on notice of relief sought. <u>See</u> <u>2032 Land Trust East Coast Prop. Liquidation Corp. v. Lexington Ins. Co.</u>, 2016 WL 8793510, *2 (S.D. Fla. June 6, 2016) (denying motion for more definite statement where insurer clearly had notice of underlying facts giving rise to the complaint for declaratory relief). Accordingly, Gemini's Motion fails to establish that more definite statement is needed under Rule 12(e). As such, the Insureds request that this Court deny Gemini's motion for more definite statement.

WHEREFORE, Plaintiffs HINES INTERESTS LIMITED PARTNERSHIP, URBAN OAKS BUILDERS, LLC, 1662 MULTIFAMILY LLC, HINES 1662 MULTIFAMILY, LLC, HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP, HIMH GP, LLC, HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP, and JCH

INVESTMENTS, INC., respectfully request that this Court deny Defendant Gemini Insurance Company's Motion to Dismiss or, Alternatively, Motion for More Definite Statement and Incorporated Memorandum of Law [Doc. 32].

Dated: September 7, 2018

Respectfully Submitted,

/s/ *Molly Chafe Brockmeyer*
Mark A. Boyle
Florida Bar No. 0005886
Molly Chafe Brockmeyer
Florida Bar No. 0105798
Justin M. Thomas
Florida Bar No. 89405
Boyle & Leonard, P.A.
2050 McGregor Blvd.
Fort Myers, Florida 33901
(239) 337-1303
(239) 337-7674 – Facsimile
eservice@insurance-counsel.com
mboyle@insurance-counsel.com
mbrockmeyer@insurance-counsel.com
jthomas@insurance-counsel.com

## CERTIFICATE OF SERVICE

I CERTIFY that on September 7, 2018, I electronically filed this document using the CM/ECF system, which will automatically serve the parties to this action.  I am unaware of any non-CM/ECF participants in this lawsuit.

/s/ *Molly Chafe Brockmeyer*
Molly Chafe Brockmeyer
Florida Bar No. 105798