UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HINES INTERESTS LIMITED PARTNERSHIP,
URBAN OAKS BUILDERS, LLC, 1662
MULTIFAMILY LLC, HINES 1662
MULTIFAMILY, LLC, HINES INVESTMENT
MANAGEMENT HOLDINGS LIMITED
PARTNERSHIP, HIMH GP, LLC, HINES REAL
ESTATE HOLDINGS LIMITED PARTNERSHIP
and JCH INVESTMENTS, INC.,

                  **Plaintiffs,**

v.                                                                            Case No:   6:18-cv-1147-Orl-22DCI

SOUTHSTAR CAPITAL GROUP I, LLC,
COTTINGTON ROAD TIC, LLC, DURBAN
ROAD TIC, LLC, COLLIS ROOFING, INC.,
DAPAU ENTERPRISES, INC., FLORIDA
CONSTRUCTION SERVICES, INC.,
STRUCTURAL CONTRACTORS SOUTH, INC.,
NAVIGATORS SPECIALTY INSURANCE
COMPANY, GEMINI INSURANCE COMPANY
and IRONSHORE SPECIALTY INSURANCE
COMPANY,

                  **Defendants.**

## ORDER TO SHOW CAUSE

On September 4, 2018, Plaintiff Urban Oaks Builders, LLC simultaneously filed a Suggestion of Bankruptcy (Doc. 46) and its Motion seeking a transfer of venue to the United States Bankruptcy Court for the Southern District of Texas where its Chapter 11 bankruptcy was filed on August 31, 2018 (Doc. 47). About three months prior, on June 7, 2018, Plaintiffs, the Hines Entities,[1] filed a declaratory judgment action in state court seeking a ruling that three insurance

---

[1] The Plaintiffs are related entities with overlapping or common ownership and management involving Jeffrey C. Hines and Gerald D. Hines; trusts of which they appear to be trustees or beneficiaries; and JCH Investment Inc., as best the Court can surmise from the various exhibits attached to the Notice of Removal. Because not all of the limited partners and limited liability company members are identified in any of the filings in this Court, as discussed *infra*, the Court

companies were obligated to provide a defense on their behalf against claims of defective construction in a lawsuit brought by the owner of a 306-unit apartment complex in Celebration, Florida. *See* Doc. 2. Following service of the state court complaint, on July 17, 2018, Defendant Gemini Insurance Company (Gemini Insurance) removed Plaintiffs' declaratory judgment action to this Court alleging that complete diversity existed between the adverse parties (ignoring the citizenship allegations of Defendants that Gemini Insurance consider to be "nominal" defendants[2]).

Federal courts have the "power to decide only certain type of cases." *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Federal courts also have the obligation, in every case, to "zealously insure that jurisdiction exists." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Thus, courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (noting a federal court is obligated "to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *cf.* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, before the Court can consider the Motion to Transfer Venue, the Court must be assured that federal subject matter jurisdiction on the basis of § 1332 diversity jurisdiction exists in this case, or the case must be remanded to the state court from which it was removed. *See, e.g.*,

---

will refer to the entities collectively as the "Hines Entities," except when discussing each specific entity's citizenship.

[2] Only Defendants Navigators Specialty Insurance Company and Ironshore Specialty Insurance Company filed a consent to the removal. Docs. 5; 6. Gemini Insurance contends that the remaining Defendants are "nominal" Defendants, which the Court addresses *infra*.

*VT Halter Marine, Inc. v. Emas Chiyoda Subsea, Inc.*, 2017 WL 2058225, at *2 (S.D. Miss. May 12, 2017) (although one of the parties had filed a suggestion of bankruptcy, raising *sua sponte* the court's lack of subject-matter jurisdiction, dismissing the case because the parties were not diverse). "Complete diversity is an absolute requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332." *Hedge Capital Inv. Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937, 940 (11th Cir. 2014). For the reasons explained below, Gemini Insurance will be ordered to show cause why the case should not be remanded to the Ninth Judicial Circuit in and for Osceola County, Florida for a lack of subject matter jurisdiction.

**I.    Background**

On February 13, 2018, the owner of a large apartment complex filed the underlying lawsuit against the Hines Entities in the Circuit Court for Osceola County, Case No. 2018-CA-00415, alleging fraud, breach of contract, and negligence for alleged defects in the construction of the apartment balconies. On June 7, 2018, the Hines Entities filed suit in the Circuit Court for Osceola County, Case No. 2018-CA-01845, seeking a declaratory judgment that the three insurance companies from whom it had purchased commercial general liability and excess policies were obligated to provide coverage and a defense on their behalf against claims of defective construction brought by the apartment complex owner. Doc. 2.

Thereafter, on July 17, 2018, Gemini Insurance removed this action to the Middle District of Florida pursuant to the removal statute, 28 U.S.C. § 1441, and on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1 at ¶ 28. In its notice of removal, Gemini Insurance asserted that the amount in controversy exceeds $75,000.00 (*Id.* at ¶ 28), which is not in dispute. Gemini Insurance also asserted that there is complete diversity between Defendants and Plaintiffs because all of the Plaintiffs are citizens of Texas (Doc. 1 at ¶ 47), and "[a]ll of the defendants in this action, putting aside whether they are nominally interested or not, are citizens of Arizona,

Connecticut, Delaware, Florida, and New York." Doc. 1 at ¶ 48. However, Gemini Insurance has failed to properly plead the citizenship of several of the Plaintiffs and certain Defendants who are limited liability companies or limited partnerships and has inconsistently stated the citizenship of the Defendant Insurers.

**II.     Analysis**

A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). A corporation is a citizen of both the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). However, an unincorporated business entity, such as a limited liability company, is a citizen of every state in which each of its individual members are citizens. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Similarly, a limited partnership is deemed a citizen "of each state in which any of its partners, limited or general, are citizens." *Id*. at 1021. Accordingly, to properly allege the citizenship of an LLC or a limited partnership, a party must identify *all* of the LLC's members or *all* of the limited partnership's partners and their citizenships. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990).

Turning to the case before the Court, Gemini Insurance had the burden of pleading subject matter jurisdiction in the Notice of Removal at the time it removed the case to federal court on July 17, 2018. Doc. 1. "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens*, 374 F.3d at 1022 (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

Although Gemini Insurance represented in the Notice of Removal that there was "complete diversity of citizenship between all plaintiffs and all defendants" (Doc. 1 at ¶ 49), it has failed to properly allege the citizenship of several of the Plaintiff Hines Entities which are unincorporated entities, *i.e.*, the limited liability companies and the limited partnerships, and has alleged citizenship of Defendants which is inconsistent with Plaintiffs' assertions alleged in the Complaint or the state's corporate records.

A. All Parties

As an initial matter, Gemini Insurance consistently errs in identifying a number of Plaintiffs and Defendants as Delaware or Florida "limited liability companies." Doc. 1 at ¶¶ 31, 32, 33, 34, 37, 38, 39. However, the state of organization of a limited liability company does not define the citizenship of a limited liability company; the citizenship of the LLC is that of each of its members. *See Rolling Greens*, 374 F.3d at 1021-22 (holding that unincorporated business entities, including limited liability companies and limited partnerships, are citizens of every state in which each of their individual members or partners are citizens).

B. Plaintiffs

1. Urban Oaks Builders, LLC

In the Notice of Removal, Gemini Insurance alleged that Urban Oaks Builders, LLC has as its "sole member" POC Holdings 2, Inc., which is a "citizen" of Texas, but failed to state POC Holdings 2, Inc.'s state of incorporation or principal place of business. Doc. 1 at ¶ 30. Gemini Insurance cited a July 2014 memorandum it has appended as an exhibit; however, it does not state that POC Holdings 2, Inc. is the "sole member" of the LLC, the memorandum says it is the "*managing* member." Doc. 1-6. Moreover, the Certificate of Interested Parties filed by Urban Oaks Builders LLC, says that its members are "POC Holdings 1, Inc. and POC Holdings 2, Inc." Doc. 26 at 3 n.7. In light of the contradictory information between Gemini Insurance's

representations in its Notice of Removal and the information on Urban Oaks Builders LLC's Certificate of Interested Parties; the lack of information about POC Holdings 2, Inc.'s state of incorporation or principal place of business; and the omission of any information about POC Holdings 1, Inc., the Court finds that Urban Oaks Builders, LLC's citizenship has not been sufficiently established.

**2. Other Hines Entities**

In the Notice of Removal, Gemini Insurance alleged that 1662 Multifamily, LLC, has as its "sole and managing member" Hines 1662 Multifamily, LLC (Doc. 1 at ¶ 31); and that Hines 1662 Multifamily, LLC has Hines Investments Management Holdings Limited Partnership as its "sole and managing member" (*Id*. at ¶ 32). Thus, both 1662 Multifamily, LLC and Hines 1662 Multifamily, LLC would have the citizenship of Hines Investments Management Holdings Limited Partnership.

Gemini Insurance represented that Hines Investments Management Holdings Limited Partnership is a Texas limited partnership. *Id*. at ¶ 33. However, Gemini Insurance failed to identify *all* of the partners of Hines Investments Management Holdings Limited Partnership, identifying only HIMH GP, LLC as the "sole general partner," even though the citizenship of a limited partnership is determined by the citizenship of *all* of the partners, no matter whether they are general or limited partners. *See Carden*, 494 U.S. at 195-96 (holding that a limited partnership is a citizen of every state in which any of its general or limited partners is a citizen).

Gemini Insurance identified a different but similarly named entity, Hines Real Estate Holdings Limited Partnership, as the "sole member" of HIMH GP, LLC but (again) failed to identify *all* of the members of the Hines Real Estate Holdings Limited Partnership, which is the determining factor for HIMH GP, LLC's citizenship. *Id*. at ¶ 34. Instead, Gemini Insurance represented that Hines Real Estate Holdings Limited Partnership's "sole general partner" is JCH

Investments, Inc. Doc. 1 at ¶ 35. And although Gemini Insurance represented that "JCH Investments, Inc. was at all times, including at the time this action was commenced, and this notice filed, a citizen of the state of Texas," Gemini Insurance cited to "Exhibit E" (Doc. 1-6) which is a four-year-old memorandum dated July 28, 2014 regarding the "Guaranteed Maximum Price Agreement" between two of the Hines Entities; there is no additional exhibit demonstrating that the information—albeit incomplete as it is—still applied four years later on July 17, 2018 at the time Gemini Insurance chose to remove the case. Because Gemini Insurance omitted the identity of the more than one set of limited partners, the citizenships of several of the interrelated Hines Entities "at the time of removal" have not been sufficiently established.

 3. **Hines Interests Limited Partnership**

In the Notice of Removal, Gemini Insurance alleged that Hines Interests Limited Partnership is a "Texas limited partnership," and the unnamed "sole partner" of the limited partnership is "a citizen of Texas." Doc. 1 at ¶ 29. It is not logical that a limited partnership would be comprised of a "sole partner" because it must have two entities/individuals or it is not a "partnership," and, without a "limited partner" there is no "limited partnership," only a general partnership. In any event, Gemini Insurance relied on documents filed in a 2014 case in the Northern District of Georgia (Doc. 1-4 at 7), which appears to contradict Gemini Insurance's claim that Hines Interests Limited Partnership has a "sole partner" since the document lists as of October 20, 2011 (the date on the document) both a limited partner, Hines Real Estate Holdings Limited Partnership, and a general partner, Hines Holdings, Inc. (*Id.*). Each of these partnerships in turn is comprised of additional partners who are not parties to the case[3] and are omitted from discussion in the Notice of Removal. In light of this direct contradiction between Gemini Insurance's

---

[3] For example, the documents list additional partners named Hines Holdings, Inc. 2007 Management Trust and Jeffrey C. Hines 2003 Management Trust, Gerald D. Hines Trustee. Doc. 1-4 at 7.

representations in the Notice of Removal, the (outdated) 2014 document from an unrelated case, and the omission of the citizenship of other entities listed, the citizenship of Hines Interests Limited Partnership "at the time of removal" has not been sufficiently established.

### C. Defendant Insurers

The Notice of Removal contains several inconsistencies and inaccuracies in the allegations about the Defendant insurance companies, most likely because Gemini Insurance has chosen to rely on printouts from the website of the Florida Office of Insurance Regulation ("FOIR") even though these printouts do not indicate the "state of incorporation" or the "principal place of business" of the insurers, only the "home" of the company, which is not defined on the printout. A simple check of the relevant state's corporate records website (such as the Secretary of State or comptroller) would have conclusively indicated the state of incorporation for the three insurers.

Gemini Insurance asserted that it is a Delaware corporation with its principal place of business in Connecticut (*Id.* at ¶ 44); however, the printout Gemini Insurance submitted in support, allegedly from the FOIR website (Doc. 1-11), shows Gemini Insurance's "home" as Delaware, and it omits any mention of Connecticut; the only other addresses listed for "administrative, mailing, location of records and policy holder relations" are in Arizona, which is the state Plaintiffs allege in the Complaint as Gemini Insurance's state of incorporation.. Doc. 2 at ¶ 17.

Gemini Insurance also alleged that Defendant Ironshore Specialty Insurance Company is an Arizona corporation with its principal place of business in New York. Doc. 1 at ¶ 45. However, Plaintiffs alleged that Ironshore Specialty Insurance Company is incorporated in Delaware. Doc. 2 at ¶ 16. Gemini Insurance pointed to a printout from the same FOIR website (Doc. 1-12) which shows Ironshore Specialty Insurance Company's "home" is Arizona, the "mailing" address is in New York, but records, administrative, and policy holder relations are located in Massachusetts. *Id.*

Gemini Insurance further alleged that Defendant Navigators Specialty Insurance Company is a corporation formed in New York, where it also has its principal place of business (Doc. 1 at ¶ 46) based on a printout from the FOIR website (Doc. 1-13). However, Plaintiffs alleged that Navigators Specialty Insurance Company is incorporated in Delaware. Doc. 2 at ¶ 18. The New York Secretary of State website[4] indicates that "Navigators Specialty Insurance Company" is *not* registered in New York, which would appear to mean that it is not a New York corporation.

### D. Defendants alleged to be "nominal"

Gemini Insurance contended that certain of the Defendants are "nominal Defendants," but nonetheless sufficiently alleged that the construction subcontractors who are all corporations—Collis Roofing, Inc., Da Pau Enterprises, Inc., Florida Construction Services, Inc., and Structural Contractors Services, Inc.—are citizens of Florida. Doc. 2 at ¶¶ 40-43. However, the entities that own the apartment complex or serve as their management agent—Southstar Capital Group I, LLC, Cottington Road TIC, LLC, and Durban Road TIC, LLC—are limited liability companies, and Gemini Insurance failed to identify the members of these entities except to say "all of the members" of each LLC are citizens of Florida. *See* Doc. 2 at ¶¶ 37-39. Such a generalized allegation is considered to be inadequate for jurisdictional purposes. *See, e.g., Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Housing, LLC*, 713 F. App'x 821, 823 (11th Cir. 2017) (remanding to the district court with instructions to make specific findings as to "each of the parties' citizenships," including "the identity and citizenship, at every level, of the members of each of the four LLC parties" and "every partner in the two partnership parties").

However, the Court will assume *arguendo* for purposes of this Order to Show Cause that Gemini Insurance has properly alleged that the apartment owners and their agent are "Nominal

---

[4] *See* www.dos.ny.gov/corps/bus_entity_search.html (visited on September 6, 2018; searched for "Navigators Specialty Insurance" and "Navigators Insurance").

Defendants" and will not review its alleged citizenship at this juncture. *See Amerisure Ins. Co. v. Orange & Blue Const., Inc.*, 545 F. App'x 851 (11th Cir. 2013) (holding that parties did not need to plead the citizenship of the plaintiff in the underlying litigation arising from a laborer's death in order to satisfy the requirements of the court's diversity jurisdiction in declaratory judgment action brought by contractor's insurer over its duty to defend, because the plaintiff was merely a "nominal party" that did not have any real stake or control over the litigation) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenships of real parties to the controversy.")).

### E. Responses to the Court's Interested Persons Order (Doc. 18)

Although Plaintiffs, the Hines Entities, do not bear the burden of establishing subject matter diversity jurisdiction because Gemini Insurance chose to remove the case, the Court notes that those Plaintiffs, who are limited liability companies and limited partnerships, have failed to adequately respond the Court's Interested Persons Order. The Order requires parties, among other things, to identify "*all* members of any LLC including their citizenship" and "all other identifiable legal entities related to any party in the case," which would apply to the limited partnerships. Doc. 18 at 2, 7. Proper compliance with the Court's orders is particularly important in this case where so many of the parties are limited liability companies and limited partnerships.

### III. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. **On or before September 19, 2018**, Plaintiffs shall file amended certificates of interested persons;

2. **On or before September 26, 2018**, Gemini Insurance shall show cause in writing why the case should not be remanded for lack of subject matter

jurisdiction. The response shall address the issues identified in this Order and must be supported by evidence, which should be in the form of an affidavit or declaration under penalty of perjury. *See, e.g., Travaglio*, 735 F.3d at 1270 (allowing defective allegations regarding citizenship to be cured through record evidence); and

3. **Failure to timely respond to this order <u>or</u> to properly allege federal diversity jurisdiction may result in this case being remanding to state court.**

**DONE** and **ORDERED** in Orlando, Florida on September 12, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record