UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HINES INTERESTS LIMITED PARTNERSHIP, a Texas limited partnership; URBAN OAKS BUILDERS, LLC, a Delaware limited liability company; 1662 MULTIFAMILY LLC, a Delaware limited liability company; HINES 1662 MULTIFAMILY, LLC, a Delaware limited liability company; HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP, a Texas limited partnership; HIMH GP, LLC, a Delaware limited liability company; HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP, a Texas limited partnership; JCH INVESTMENTS, Inc., a Texas corporation;

    Plaintiffs,

v.

SOUTHSTAR CAPITAL GROUP I, LLC, a Florida limited liability company; COTTINGTON ROAD TIC, LLC, a Delaware limited liability company; DURBAN ROAD TIC, LLC, a Delaware limited liability company; COLLIS ROOFING, INC., a Florida corporation; DA PAU ENTERPRISES, INC., a Florida corporation; FLORIDA CONSTRUCTION SERVICES, INC., a Florida corporation; STRUCTURAL CONTRACTORS SOUTH, INC., a Florida corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; GEMINI INSURANCE COMPANY, a Delaware corporation; and IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona corporation,

    Defendants.
_____/

CASE NO. 6:18-cv-1147-ACC-DCI

**GEMINI'S RESPONSE IN OPPOSITION TO MOTION TO TRANSFER VENUE**

Defendant GEMINI INSURANCE COMPANY ("Gemini") files its response in opposition to the motion to transfer venue to Texas Bankruptcy Court (DE 47) filed by Plaintiff URBAN OAKS BUILDERS, LLC ("UOB"), and states:[1]

**A.** **UOB CHARACTERIZES THIS COVERAGE DISPUTE AS A "CORE" PROCEEDING, BUT IT DOES NOT ARISE OUT OF THE BANKRUPTCY CODE, IT INVOLVES A CONTRACT ISSUED PRE-PETITION AND THIS ACTION COMMENCED PRE-PETITION; THE NON-CORE PROCEEDING MUST BE LITIGATED HERE.**

UOB does not want to litigate in this Court any longer. Instead, UOB prefers to litigate this routine coverage dispute implicating state law in Texas Bankruptcy Court. To support its motion to transfer venue, UOB casts this action as a "core" bankruptcy proceeding. (DE 47, Pg. 9.) UOB argues that this action is "core" because it is "directly linked to the bankruptcy estate." Core proceedings are those which arise under title 11.[2] *See, e.g.*, 28 U.S.C. § 157; *Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1940 (2015) ("Congress identified as core a nonexclusive list of 16 types of proceedings, § 157(b)(2), in which it thought bankruptcy courts could constitutionally enter judgment."); *N. Pipeline Constr. v. Marathon Pipe Line Co.* 458 U.S. 50 (1982) (defining core proceeding as "the restructuring of debtor-creditor relations."). This coverage dispute does not arise under the Bankruptcy Code. For this reason it is not a core proceeding.

---

[1] Gemini previously filed a notice of mootness (DE 51) regarding a response to Ironshore's crossclaim based on Urban Oaks motion to transfer venue (DE 47) and the suggestion of bankruptcy (DE 46), which reference the automatic stay pursuant to 11 U.S.C. § 362. Subsequently, counsel for Urban Oaks informed Gemini's counsel that the automatic stay may not apply here. In an abundance of caution, Gemini files this response to the motion to transfer venue.

[2] UOB also argues that the coverage dispute is a core proceeding because "almost the entire value of the bankruptcy estate consists of the insurance policies at issue…." (DE 47, Pg. 9.) In the Texas bankruptcy action, Case No. 18-34892, UOB alleged in its motion for extension of time to file schedules of assets and liabilities that it has three construction projects "with contract values of approximately $67 million, $52 million, and $112 million." (DE 4, Pg. 3.) Clearly, the insurance policies at issue here are not the entire value of the bankruptcy estate.

Rather, because Gemini's policy was issued to UOB and Hines Interests Limited Partnership ("Hines") pre-petition and UOB sued the insurers over coverage pre-petition (DE 2), this action is a **non-core** proceeding. *See In re Lawrence Group, Inc.*, 285 B.R. 784, 787 (N.D.N.Y. 2002) ("The fact that the contract was executed pre-petition and that the dispute could arise outside of bankruptcy proceedings weights against its core status."). Moreover, since the coverage issues (number of occurrences, whether Gemini exhausted the each occurrence $2M limit, whether Ironshore owes a defense, and whether Navigator's policy is also implicated) are unrelated to the bankruptcy proceeding (administration of the estate), this too makes this action a non-core proceeding. *In re Lawrence Group, Inc.*, 285 B.R. at 788 ("Here, the cause of action under the Hartford policy accrued pre-petition and a proceeding to determine the parties' rights under the policy is entirely independent of the bankruptcy proceeding. As Hartford argues, the instate matter involves ordinary state-law claims on a first-party insurance contract and does not otherwise implicate the debtor's rights under the bankruptcy code."); *see also Travelers Indem. Co. v. Babcock & Wilcox Co.*, No. 01-3387, 2002 WL 100625 (E.D. La. 2002) ("Here, Travelers claims that this dispute is simply over the parties' respective rights and obligations under pre-bankruptcy contracts governed by state law. The Court finds that the contract action is not a core proceeding.") (citing *In re U.S. Brass Corp.*, 110 F.3d 1261 (7th Cir. 1997) ("The fact that it is an important right to the bankrupt [involving $500 million in coverage] is irrelevant.")); *In re One World Adoption Serv., Inc.*, 571 B.R. 474, 477 (Bankr. N.D. Ga. 2017) ("This is a non-core proceeding. This proceeding is an insurance coverage dispute where the only causes of action are breach of a pre-petition contract and a request for declaratory judgment regarding the parties' rights under the contract.").

This is significant because in *Shafir*, the United States Supreme Court held that "[a]bsent consent, bankruptcy courts in non-core proceedings may only submit proposed findings of fact and conclusions of law, which the district courts review *de novo*." *Id.* at 1940; *see also In re Lawrence Group, Inc.*, 285 B.R. at 788 ("Finding any such contract action to sufficiently relate to the administration of the bankruptcy estate as to render the action "core" would swallow the rule in *N. Pipeline Constr…* that a pre-petition contract action may not be finally adjudicated by a non-Article III judge."). Gemini does not consent to a non-Article III court deciding the coverage issues, which involve state law not the Bankruptcy Code. Additionally, since a jury trial was requested in the complaint, the Texas Bankruptcy Court would have to transfer this case back to this Court for a jury trial. Rather than toss this action around, this non-core proceeding ought to remain here.

B. **UOB ARGUES THAT A TRANSFER IS REQUIRED UNDER 28 U.S.C. § 1412, WHICH ONLY APPLIES TO CORE PROCEEDINGS; THE NON-CORE PROCEEDING MUST BE LITIGATED HERE.**

Of its twenty-one page motion, UOB spent seven pages arguing that a transfer is required pursuant to the bankruptcy venue state of 28 U.S.C. § 1412. Section 1412 provides that a district court "may transfer a case or proceeding under **title 11** to a district court for another district, in the interests of justice or for the convenience of the parties." (Emphasis added) A transfer under Section 1412 only applies to core bankruptcy proceedings. *See Ni Fuel Co., Inc. v. Jackson*, 257 B.R. 600, 623 (N.D. Okla. 2000) (finding that Section 1404 applies to "related to" proceedings and Section 1412 applies to those cases arising in or under Title 11) (collecting cases).

In contrast, under the general venue statute of 28 U.S.C. § 1404, an action may only be transferred to "any other district or division where it might have been brought or to any district or division to which all parties have consented." *See also Ni Fuel*, 257 B.R. at 622. This

coverage action is not a core proceeding as explained in argument A above. Consequently, the Court may disregard UOB's arguments that it may transfer this action under Section 1412.

Applying the correct venue statute, this action cannot be transferred to Texas Bankruptcy Court because Gemini objects to that court's jurisdiction over this action. Moreover, the insurer defendants are not parties to the bankruptcy action and it is not clear that the Texas Bankruptcy Court would have jurisdiction over them, the Hines plaintiffs, or the nominal parties.[3] Additionally, the coverage issues here should not be decided as an ancillary matter in Bankruptcy Court. Rather, this Court is better suited to decide the coverage issues. *See, e.g.*, *Rutland Guttering, Inc. v. Amerisure Mut. Ins. Co.*, No. 6:14-cv-117, 2014 WL 12610155 (M.D. Fla. Sept. 16, 2014) (Conway, J., holding that insurer did not owe a duty to defend); *Hatmaker v. Liberty Mut. Fire Ins. Co.*, 308 F. Supp. 2d 1308 (M.D. Fla. 2004) (Conway, J., insurer did not owe a defense for intentional conduct); *Admiral Ins. Co. v. Spira*, No. 6:08cv1772, 2010 WL 11507122 (M.D. Fla. Mar. 30, 2010) (Conway, J., insurer did not owe a defense because Specific Services Exclusion applies). Not only has this Court decided similar coverage issues (duty to defend), but venue is proper in this Court as the underlying action is pending in the Circuit Court of Osceola County and UOB originally filed the complaint in the Circuit Court for Osceola County. (DE 1; DE 2.) As a matter of law, the motion to transfer venue must be denied.

C. **NO OTHER FACTORS WEIGH IN FAVOR OF TRANSFER; THE NON-CORE PROCEEDING MUST BE LITIGATED HERE.**

Even if the Court were to consider the factors from the inapplicable bankruptcy venue statute under Section 1412, a transfer would be improper. Specifically, UOB argues that the risk of inconsistent judgments weighs in favor of transfer. (DE 47, Pg. 14.) The insurers are not

---

[3] In their motion, UOB did not address this issue. Instead, UOB focused its argument on whether transfer is convenient given that it and other plaintiffs are located in Houston. (DE 47, Pg. 15.)

parties to the Texas Bankruptcy, which means the Texas Bankruptcy Court is not able to address any of the coverage issues raised here. Accordingly, this argument is without merit.

Next, the presumption in favor of bankruptcy court only applies under a 28 U.S.C. § 1412 analysis, which is not applicable to this non-core proceeding. *See Ni Fuel*, 257 B.R. at 622. Consequently, the Court may disregard this argument. There is also no indication that a Texas Bankruptcy Court has any interest in resolving this non-core coverage dispute under the applicable substantive law. Additionally, it is telling that UOB filed this coverage action in **Florida** state court, not Texas state court. The strategic decision to litigate in Florida even though UOB is physically located in and primarily operates out of Houston, undercuts their argument that litigating in Florida is now inconvenient. (DE 47, Pg. 17.) The Court should also disregard this argument. Last, UOB argues that it would be more convenient for witnesses to travel to Texas for deposition, but this is incorrect. (DE 47, Pg. 15.) Specifically, if UOB or Ironshore intend to depose Gemini regarding exhaustion of its $2M policy limit, the location of that deposition does not weigh in favor of transfer. Gemini is not incorporated in or have its principal place of business in Texas. Similarly, Ironshore or Navigators are not incorporated in Texas. As a matter of law, no other factors weigh in favor of transfer and the motion should simply be denied.

## CONCLUSION

For the reasons articulated in this response, the Court should deny the motion to transfer and retain jurisdiction over this action.

Respectfully submitted,

/s/MICHELE A. VARGAS
SINA BAHADORAN
Florida Bar No. 523364
Sina.Bahadoran@Clydeco.us
MICHELE A. VARGAS
Florida Bar No. 686395
Michele.Vargas@Clydeco.us

CLYDE & CO US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646

## CERTIFICATE OF SERVICE

I CERTIFY that on September 18, 2018, this document was filed via the CM/ECF system.

I further certify that I am unaware of any non-CM/ECF participants.

/s/MICHELE A. VARGAS
MICHELE A. VARGAS