UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| HINES INTERESTS LIMITED PARTNERSHIP, a Texas limited partnership; URBAN OAKS BUILDERS,LLC, a Delaware limited liability company; 1662 MULTIFAMILY LLC, a Delaware limited liability company; HINES 1662 MULTIFAMILY, LLC, a Delaware limited liability company; HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP, a Texas limited partnership; HIMH GP, LLC, a Delaware limited liability company; HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP, a Texas limited partnership; JCH INVESTMENTS, Inc., a Texas corporation;<br><br>      Plaintiffs,<br><br>v.<br><br>SOUTHSTAR CAPITAL GROUP I, LLC, A Florida limited liability company; COTTINGTON ROAD TIC, LLC, a Delaware limited liability company; DURBAN ROAD TIC, LLC, a Delaware limited liability company; COLLIS ROOFING, INC., a Florida corporation; DA PAU ENTERPRISES, INC., a Florida corporation; FLORIDA CONSTRUCTION SERVICES, INC., a Florida corporation; STRUCTURALCONTRACTORS SOUTH, INC., a Florida corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; GEMINI INSURANCE COMPANY, a Delaware corporation; and IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona corporation,<br><br>      Defendant. | CASE NO. 6:18-CV-1147-ORL-DCJ |

**DEFENDANT, IRONSHORE SPECIALTY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF, URBAN OAKS BUILDERS LLC'S MOTION TO TRANSFER VENUE [D.E. 47]**

Defendant, IRONSHORE SPECIALTY INSURANCE COMPANY ("Ironshore"), by and through undersigned counsel, files this response and Memorandum of Law in opposition to Plaintiff, URBAN OAKS BUILDER LLC's ("Urban Oaks" or the "Debtor") Motion to Transfer Venue (the "Motion"), and respectfully request that this Court deny the Motion for the reasons described herein below:

INTRODUCTION

1. Notwithstanding its length and detailed discussion of bankruptcy law. Urban Oaks, a plaintiff in this case, unequivocally acknowledges that the sole basis for commencing its case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in Texas was to create a forum to which this case could be transferred.[1] Having filed suit in Florida, where the project that lead to the underlying litigation is located, and the only state in which jurisdiction was proper, Urban Oaks has now determined that it is more convenient for its own purposes to have this case heard by a Texas Bankruptcy Court, regardless of the fact that other than Urban Oaks, none of the parties are in Texas. This is forum shopping in its most blatant form and it should not be condoned. The Motion should be denied.

BACKGROUND

2. On or about February 13, 2018, Hines and Urban Oaks were named as defendants in an action styled, *Southstar Capital Group, I, LLC, et al. v. 1662 Multifamily LLC, et al.*, (the

---

[1] Ironshore believes the act of the filing of the Debtor's Chapter 11 Case may have been was improper and reserves its right to seek to dismiss it, for cause, pursuant to section 1112 of the Bankruptcy Code.

- 2 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

"Association Lawsuit"), which was filed and is presently pending in the Circuit Court for the Ninth Judicial Circuit in and for Osceola County, Florida. *See* [D.E. 33-1].

3. The Association Lawsuit involves the construction of SOLA at Celebration ("Project"), which was constructed between 2014 and 2016, and consisted of six four-story buildings, with a total of 306 apartment units. *Id.*

4. The Association's Complaint included claims against Ironshore's Insureds for various construction defects and allegations of negligence and breach of contract. *Id.*

5. On July 17, 2018, Defendant GEMINI INSURANCE COMPANY ("Gemini") removed this action to this Court from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. [D.E. 1].

6. On August 10, 2018, Ironshore filed a cross-claim against Gemini arguing, among other things, that Gemini has a duty to defend its insureds in the Underlying Litigation; Gemini has not exhausted under its policy; and, there are multiple occurrences as defined under Gemini's policy. [D.E. 33]

7. On August 31, 2018, Urban Oaks filed its Chapter 11 case in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). Immediately thereafter, on September 4, 2018, Urban Oaks filed the Motion with this court.

ARGUMENT

8. Paragraph 32 of the Motion leaves no doubt that the sole purpose of the commencement of the bankruptcy case was the existence of this case. While this may warrant filing a Petition for Relief under the Bankruptcy Code if the Debtor were a defendant in certain litigation (and had other claims against it so as to genuinely warrant an actual restructuring of its affairs). Similarly, in the Declaration in Support of Chapter 11 Petition, the Vice President of

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Construction for Urban Oaks, Todd Hagood, contends that "as a result of, Southstar's claims, the uncertainty caused by the insurance carriers' unwillingness to cover UOB, and the litigation costs of simultaneously defending against Southstar's claims and litigating against its insurance carriers," is the reason that it is voluntarily filing for chapter 11 bankruptcy relief. No other reason or basis for the commencement of its bankruptcy case is stated, either in the Motion or in the bankruptcy case.

9.  The primary basis of Urban Oaks' venue transfer request is that its bankruptcy status somehow warrants transfer for referral to the Texas Bankruptcy Court presiding over those proceedings. This argument fails for the following reasons: (1) bankruptcy status alone does not mandate transfer of Ironshore's claims against Gemini; (2) transfer to the Texas Bankruptcy Court would be pointless because that court lacks jurisdiction to decide the merits of Ironshore's cross-claim; and (3) the traditional convenience and justice factors for venue weigh against transfer. Indeed, there is nothing about the existence of the bankruptcy case itself, other than the fact that it has been filed in Texas, to warrant a transfer of venue.

Urban Oaks' request for transfer is inappropriate and unwarranted because the relevant factors weigh against transfer of the present case to the Texas Bankruptcy Court. Under 28 U.S.C. §1412, this Court may transfer this case where such a transfer is "in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412. Transfer of venue pursuant to §1412 requires a case-by-case analysis and the party seeking the transfer has the burden to show that transfer is appropriate and must do so by a preponderance of the evidence. *See Puerto Rico v. Commonwealth Oil Refining Co., Inc.* (*In re Commonwealth Oil Refining Co., Inc.*), 596 F.2d 1239, 1241 (5th Cir. 1979). In this matter, however, Urban Oaks cannot prove that transfer of this matter is in the interest of justice or for the convenience of the parties.

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Case 6:18-cv-01147-ACC-DCI   Document 56   Filed 09/18/18   Page 5 of 10 PageID 2123

CASE NO. 6:18-CV-1147-ORL-DCJ

In determining whether a case should be transferred under the "interest of justice" prong, the most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate. *See In re Manville Forest Products Corp*., 896 F.2d 1384, 1391 (2nd Cir. 1990); *In re Commonwealth Oil Refining Co., Inc., supra*, at 1247. As indicated above, the Texas Bankruptcy Court is not any more familiar with the facts of this matter. There is no evidence that the Texas Bankruptcy Court is more familiar with the applicable law in this matter. Likewise, Urban Oaks has not shown that this matter has had any effect, or would have any effect, on the administration of its bankruptcy estate. Indeed, upon information and belief, this case *is* Urban Oaks's bankruptcy estate. Urban Oaks has not shown, and cannot show that there will be any increase in judicial economy or efficiency from the transfer of this matter, or even any decrease in the efficient administration of the Debtor" bankruptcy estate, as a result of a failure to transfer this matter. The only effect of a transfer is that it will enable the Debtor to litigate this case on a home turf created solely by the commencement of its bankruptcy case.

Contrary to Urban Oaks' representations, the Texas Bankruptcy Court can not adjudicate all claims in this matter. As discussed below, numerous claims in the matter before this Court, including Ironshore's cross-claim against Gemini, are claims that can not be adjudicated in the Texas Bankruptcy Court and the transfer of this matter will not resolve any alleged problem of inconsistent rulings and judgments or increased judicial economy.

As to the "convenience of the parties" and witnesses prong, Urban Oaks can hardly argue that it is inconvenienced by the chosen venue of this proceeding. Urban Oaks was involved in the construction of SOLA at Celebration, which was constructed between 2014 and 2016, and consisted of six four-story buildings, with a total of 306 apartment units in Osceola County,

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Florida. Thus, the place of occurrence of material events, Osceola County, Florida, favors retaining venue in the Middle District of Florida.

Urban Oaks inaccurately states in its Motion that the Insurance Carrier Defendants, including Ironshore, have refused to provide coverage for and defend and indemnify Urban Oaks or the other Plaintiffs from the claims asserted in the Southstar Lawsuit. ¶30. Ironshore has retained Florida defense counsel to defend Urban Oaks in the Southstar Lawsuit, which further favors maintaining this action in Florida.

While the convenience of the witnesses is often a significant factor in deciding a motion to transfer venue. *Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc.*, 2003 WL 298799 (N.D. Tex. Feb. 10, 2003), Urban Oaks  "must specifically identify the key witnesses and outline the substance of their testimony." *Id.* , Urban Oaks  failed to specifically identify any of its key witnesses or to outline the substance of their testimony. Rather,  Moreover, Urban Oaks ignored the presence of third-party witnesses in Florida, whose testimony will be critical in Ironshore's case-in-chief and rebuttal to Gemini's defenses.

A transfer of venue should not be granted if the result is merely to shift the *inconvenience* from one party to the other. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986); *Dupre*, 810 F. Supp. at 826; *Moto Photo, Inc.*, 2003 WL 298799, at *4 (emphasis added). This is precisely what Urban Oaks desires, going so far as to create jurisdiction in a court (which could only have occurred by virtue of its filing a Petition for Relief under the Bankruptcy Code), so as to avoid being compelled to litigate in Florida, where it commenced this case. A transfer of venue would merely shift the inconvenience to the rest of the defendants as opposed to Urban Oaks in terms of both travel and costs for the witnesses.  This factor weighs in favor of venue remaining in the Middle District of Florida.

## CONCLUSION

Urban Oaks cannot prove that the transfer of this matter would be in the interests of justice or for the convenience of the parties. The transfer of this matter will not promote the economic and efficient administration of the bankruptcy estate (rather it will just place an additional burden on the Texas bankruptcy court) and the most efficient and economic resolution of the claims herein can be accomplished in this Court. The Motion should be denied.

- 7 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Stephen R. Gross, B.C.S.
Fla. Bar No. 27849
Email: sgross@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:   (954) 377-8101

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

## SERVICE LIST

CASE NO. 6:18-cv-01147-ACC-DCI

Rebecca C. Appelbaum, Esq.
Adams & Reese, LLP
101 E Kennedy Blvd.
Suite 4000
Tampa, FL 33602
E-Mail: rebecca.appelbaum@arlaw.com;
jenny.schroeder@arlaw.com;
teresa.soluri@arlaw.com
Telephone: (813) 402-2883
Facsimile: (813) 402-2887
Attorney for NAVIGATORS
SPECIALTY INSURANCE COMPANY

Sina Bahadoran, Esq.
Hinshaw & Culbertson LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
E-Mail: Sina.Bahadoran@clydeco.us;
Marta.Reyes@clydeco.us
Telephone: (305) 358-7747
Facsimile: (305) 577-1063
Attorney for GEMINI INSURANCE
COMPANY

Mr. Mark Andrew Boyle
Boyle & Leonard, PA
2050 McGregor Blvd
Fort Myers, FL 33901
E-Mail: Mboyle@insurance-counsel.com;eservice@insurance-counsel.com; esmith@insurance-counsel.com
Telephone: (239) 337-1303
Facsimile: (239) 337-7674
Attorney for PLAINTIFF

Rinaldo J. Cartaya III, Esq.
Quintairos, Prieto, Wood & Boyer, P.A.
255 S Orange Avenue, 9th Floor
Orlando, FL 32801
E-Mail: dwall@qpwblaw.com;rinaldo.cartaya@qpwblaw.com;rjohnson@qpwblaw.com
Telephone: (407) 872-6011
Facsimile: (407) 872-6012
Attorney for COLLIS ROOFING, INC.

Molly Ann Chafe Brockmeyer, Esq.
Boyle & Leonard, PA
2050 McGregor Blvd
Ft. Myeres, FL 33901
E-Mail: mbrockmeyer@insurance-counsel.com;
insurancecounsel2050@gmail.com;
eservice@insurance-counsel.com
Telephone: (239) 337-1303
Facsimile: (239) 737-7674
Attorney for HINES INTERESTS
LIMITED PARTNERSHIP

Ms. Chelsea C. Harrison
Adams and Reese, LLP
101 East Kennedy Blvd.
Suite 4000
Tampa, Florida 33602
E-Mail: chelsea.harrison@arlaw.com;
Chelsea.Harrison@arlaw.com;
Jenny.Schroeder@arlaw.com;
Telephone: (813) 402-2880
Facsimile: (813) 402-2887
Attorney for NAVIGATORS SPECIALTY
INSURANCE COMPANY

- 9 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

| | |
|---|---|
| Atheseus R. Lockhart, Esq.<br>Meier, Bonner, Muszynski, O'Dell & Harvey<br>260 Wekiva Springs Rd<br>Suite 2000<br>Longwood, FL 32777<br>E-Mail: Arl@fltrialteam.com;ncj@fltrialteam.com;eenglish@fltrialteam.com<br>Telephone: (407) 872-7774<br>Facsimile: (407) 872-7997<br>Attorney for DA PAU ENTERPRISES, INC., | Richard Jehangir McIntyre, Esq.<br>McIntyre, Thanasides,Bringgold,Elliot,Grimaldi P.A<br>500 E Kennedy Blvd<br>Suite 200<br>Tampa, FL 33602<br>E-Mail: rich@mcintyrefirm.com<br>Telephone: (813) 223-0000<br>Facsimile: (813) 899-6069<br>Attorney for FLORIDA CONSTRUCTION SERVICES, INC. |
| Kevin Neslage, Esq.<br>E-Mail: kevin.neslage@clydeco.us; jeanette.garcia@clydeco.us; marta.reyes@clydeco.us<br>Attorney for GEMINI INSURANCE COMPANY | Justin M. Thomas, Esq.<br>Boyle & Leonard, P.A.<br>2050 McGregor Blvd.<br>Ft. Meyers, FL 33901<br>E-Mail: jthomas@insurance-counsel.com; insurancecounsel2050@gmail.com; eservice@insurance-counsel.com<br>Telephone: (239) 337-1303<br>Facsimile: (239) 337-7674<br>Attorney for HINES INTERESTS LIMITED PARTNERSHIP |
| Michele A. Vargas, Esq.<br>Clyde & Co US LLP<br>1221 Brickell Ave, Suite 1600<br>Miami, FL 33131<br>E-Mail: michele.vargas@clydeco.us<br>Telephone: (305) 446-2646<br>Facsimile: (305) 441-2374<br>Attorney for Co Counsel for Gemini Insurance Company | Douglas I Wall, Esq.<br>Quintairos, Prieto, Wood & Boyer, P.A.<br>255 S Orange Avenue, 9th floor<br>Orlando, FL 32801<br>E-Mail: dwall@qpwblaw.com;rjohnson@qpwblaw.com;rinaldo.cartaya@qpwblaw.com<br>Telephone: (407) 872-6011<br>Facsimile: (407) 872-6012<br>Attorney for COLLIS ROOFING, INC. |

- 10 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100