**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HINES INTERESTS LIMITED PARTNERSHIP, a Texas limited partnership; URBAN OAKS BUILDERS, LLC, a Delaware limited liability company; 1662 MULTIFAMILY LLC, a Delaware limited liability company; HINES 1662 MULTIFAMILY, LLC, a Delaware limited liability company; HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP, a Texas limited partnership; HIMH GP, LLC, a Delaware limited liability company; HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP, a Texas limited partnership; JCH INVESTMENTS, Inc., a Texas corporation;

    Plaintiffs,

v.

SOUTHSTAR CAPITAL GROUP I, LLC, a Florida limited liability company; COTTINGTON ROAD TIC, LLC, a Delaware limited liability company; DURBAN ROAD TIC, LLC, a Delaware limited liability company; COLLIS ROOFING, INC., a Florida corporation; DA PAU ENTERPRISES, INC., a Florida corporation; FLORIDA CONSTRUCTION SERVICES, INC., a Florida corporation; STRUCTURAL CONTRACTORS SOUTH, INC., a Florida corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; GEMINI INSURANCE COMPANY, a Delaware corporation; and IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona corporation,

    Defendants.
_____/

CASE NO. 6:18-cv-1147-ACC-DCI

## **GEMINI'S RESPONSE TO THE ORDER TO SHOW CAUSE**

Defendant GEMINI INSURANCE COMPANY ("Gemini"), responds to the Court's show cause order (DE 53), and states:

A.  **Gemini obtained some publicly available information regarding the partners and members of the Plaintiffs, but jurisdictional discovery is needed to determine the identity and citizenship of the unknown partners and members.**

The show cause order requires Gemini to identify each member of a limited liability company and each partner of a limited partnership and their citizenship at the time of removal. (DE 53, Pg. 4.) Here, the Plaintiff LLCs and limited partnerships consist of other LLCs and limited partnerships. Those LLCs and limited partnerships consist of other LLCs and limited partnerships. Gemini has been able to identify some of Plaintiffs' members and partners based on publicly available information. The chart below summarizes the evidence regarding Plaintiffs' members and/or partners:

| **PARTNERSHIPS** |
|---|
| **Hines Interests Limited Partnership: Citizen of Texas** |
| Hines Holdings, Inc. (sole general partner) (Citizen of Texas)<br><br>*See* Hines Holdings Texas Franchise Tax Public Information Report and Amended Registration of Limited Partnership filed with the Texas Secretary of State, attached as Composite Exhibit "A."[1] |
|  |
| **Hines Investment Management Holdings Limited Partnership: Citizen of Texas** |
| HIMH GP, LLC (sole general partner) (Citizen of Texas)<br><br>• Hines Real Estate Holdings L.P. (sole member) (Citizen of Texas)<br><br>    o JCH Investments, Inc. (sole general partner) (Citizen of Texas)<br><br>*See* Hines Investment Certificate of Formation filed with the Texas Secretary of State, attached as Exhibit "B"; HIMH Texas Franchise Tax Public Information and Application for Registration filed with the Office of the Comptroller, Texas, attached as Composite Exhibit "C." |
|  |
| **Hines Real Estate Holdings Limited Partnership: Citizen of Texas** |
| JCH Investments, Inc. (sole general partner) (Citizen of Texas)<br><br>*See* Hines Real Estate 2006 and 2011 Periodic Reports and First Amendment to the Second Amended and Restated Certificate of Limited Partnership, filed with Texas Secretary of State, attached as Composite Exhibit "D"; JCH Texas Franchise Tax Public Information Report filed with the Office of the Comptroller, Texas, attached as Exhibit "E." |
|  |
| **HIMH GP, LLC: Citizen of Texas** |
| Hines Real Estate Holdings L.P. (sole member) (Citizen of Texas) |

---

[1] Unless Hines Holdings provided false information in the filing, Exhibit A is accurate.

|  |
|---|
| - JCH Investments, Inc. (sole general partner) (Citizen of Texas) |
| (*See* Ex. C; Ex. D; Ex. E.) |
| **LLCs** |
| **Urban Oaks Builders, LLC: Citizen of Texas** |
| POC Holdings 1, Inc. (member) (Citizen of Texas) <br><br> *See* POC 1 Texas Franchise Tax Public Information Report filed with the Office of the Comptroller, Texas, attached as Exhibit "F." |
| POC Holdings 2, Inc. (member) (Citizen of Texas) <br><br> *See* POC 2 Texas Franchise Tax Public Information Report filed with the Office of the Comptroller, Texas, attached as Exhibit "G." |
| **1662 Multifamily LLC** |
| Hines 1662 Multifamily, LLC (managing member) |
| Hines Investment Management Holdings LP (managing member) (Citizen of Texas) <br><br> - HIMH GP LLC (Citizen of Texas) <br><br> (Ex. B; Ex. C.) |
| **Hines 1662 Multifamily, LLC** |
| Hines Investment Management Holdings LP (managing member) (Citizen of Texas) <br><br> - HIMH GP LLC (Citizen of Texas) |
| (*Id.*) |

So far, the evidence confirms that Hines Interests Limited Partnership is a citizen of <u>Texas</u> because its sole general partner is a citizen of Texas. (Ex. A.) The evidence also establishes that Urban Oaks is a citizen of <u>Texas</u> because both of its members are citizens of Texas. (Ex. F; Ex. G.) The evidence confirms that Hines Real Estate Holdings Limited Partnership is a citizen of <u>Texas</u>, because its sole general partner is a citizen of Texas. (Ex. D; Ex. E.)[2] The evidence confirms that Hines Investment Management Holdings Limited Partnership is a citizen of <u>Texas</u>, because its sole general partner is a citizen of Texas. (Ex. B; Ex. C.) The evidence

---

[2] Exhibit E confirms that JCH Investments, Inc. dropped its other partner.

confirms that HIMH GP, LLC is a citizen of <u>Texas</u> because its sole member is a citizen of Texas. (Ex. C; Ex. D; Ex. E.)

Despite efforts, Gemini was not able to locate publicly available information regarding the members or partners of the remaining Plaintiffs. As part of its due diligence, Gemini wrote to Plaintiffs' counsel requesting voluntary disclosure of all of the members and/or partners of the Plaintiff LLCs and Limited Partnerships, including their citizenship at the time of removal. (*Correspondence*, Ex. H.) Plaintiffs' counsel declined to disclose all of the member and partners of Plaintiffs and their citizenship on the grounds that the information is "confidential." Gemini objected to the sword and shield use of the identity of Plaintiffs' members or partners, but Plaintiffs will not disclose any information to Gemini. Under the circumstances, Gemini is in need of limited jurisdictional discovery (interrogatories and requests for production) to resolve the factual dispute regarding diversity jurisdiction.

Plaintiffs' response to the show cause order is not helpful. Specifically, Plaintiffs allege that "the members of the Hines Entities include citizens of Delaware and Arizona, which defeat diversity jurisdiction." (DE 60.) In support of their argument, Plaintiffs only disclosed that "HIMH GP, LLC… is a limited liability company organized under the laws of Delaware" and it is the "managing general partner of Hines Investment Management Holdings Limited Partnership." (*Id.*, Pg. 2.) This is not fully responsive to the Court's Interested Persons Order. (DE 53, Pg. 10.) The order requires "those Plaintiffs, who are limited liability companies and limited partnerships… to identify all members of any LLC including their citizenship and all other identifiable legal entities related to any part in this case," meaning the "limited partnerships. (*Id.*) Because Plaintiffs failed to identify **each** member of the LLC Plaintiffs and **each** partner of the Limited Partnership Plaintiffs and their citizenship at the time of removal, the

response is incomplete. The lack of full disclosure impedes Gemini's ability to respond to the factual dispute over diversity jurisdiction.

Accordingly, Gemini respectfully requests 60 days of jurisdictional discovery to respond to Plaintiff's lack of jurisdiction argument. Through interrogatories and requests for production Gemini hopes to obtain information regarding all of the members of 1662 Multifamily LLC and Hines 1662 Multifamily LLC and their citizenship at the time of removal. *See, e.g.*, *Gibson v. NCL (Bahamas) Ltd.*, No. 11-24343, 2012 WL 1952670, at *3 (S.D. Fla. May 30, 2012) (granting leave to conduct jurisdictional discovery to address defendant's lack of personal jurisdiction argument); *Sierra Equity Group, Inc. v. White Oak Equity Partners*, No. 08-80017, 2008 WL 1771857, at *1 (S.D. Fla. April 15, 2008) ("[I]f the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation then discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue.") (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 n.7 (11th Cir. 1982)); *Empire Art Direct, LLC v. Crystal Art of Fla.*, No. 17-cv-61601, 2017 WL 6270036, at *2 (S.D. Fla. Dec. 8, 2017) ("Courts within the Eleventh Circuit often allow limited jurisdictional discovery…") (collecting cases).

B.  **The affidavit of Richard Heaton is inadmissible and fails to respond to the show cause order.**

In support of their partial response, Plaintiffs rely on the affidavit of Mr. Heaton, the V.P.-Legal/Assistant Secretary of JCH Investment, Inc. (DE 60-1, Pg. 2.) Mr. Heaton alleges that he has personal knowledge of the corporate records and operations of only three entities (HIMH GP, HIMH LP, and Hines 1662). Mr. Heaton did not explain what records he reviewed to support Plaintiffs' lack of diversity of citizenship argument. Mr. Heaton did not explain how his position is relevant to the records of HIMH GP, HIMH LP, or Hines 1662. Other than offering

his position and a general explanation of how certain entities are connected, Mr. Heaton did not allege that he is responsible for maintaining the corporate records for these entities or that he is responsible for filing required documents by the department of corporation of any state. Further, Mr. Heaton did not allege that he has any knowledge of the corporate records and operations of his own employer or 1662 Multifamily, LLC. (DE 60-1, Pg. 2.) In short, Mr. Heaton's affidavit does not sufficiently establish that it is admissible evidence in support of Plaintiffs' response. *See* Federal Rule of Evidence 602 "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *See also Alliant Tax Credit Fund v. Thomasville Cmty. Housing, LLC*, 713 Fed. Appx. 821, 825 (11th Cir. 2017) (affirming Magistrate Judge's order deeming three affidavits as proof of jurisdiction to be inadmissible because they lacked sufficient personal knowledge); *Underwriters at Lloyds v. FedEx Freight System, Inc.*, No. 8:07-cv-212, 2008 WL 2901049, at *2 (M.D. Fla. July 23, 2008) ("The Willis Affidavit contains a blanket statement that the affidavit is based on Willis' "personal knowledge, observations and business records kept in the ordinary course of business"… This type of blanket statement that an affidavit's contents are based on personal knowledge does not preclude a finding that portions of the affidavit are inadmissible.") (citations omitted). The Court should simply disregard the affidavit.

Even if the affidavit is admissible, it is deficient because it does not respond to the Court's order. (DE 53.) Specifically, Mr. Heaton did not disclose all of the members of the Plaintiff LLCs or the partners of the Plaintiff Limited Partnerships, including their citizenship at the time of removal. "Some investor members of 1662 Multifamily LLC are citizens of

Arizona." (DE 60-1, Pg. 2.)[3] Gemini has no idea how many members this LLC has or whether those entities or individuals were citizens of Arizona at the time of removal. Indeed, Mr. Heaton's affidavit contains less information that the above chart. Accordingly, the Court should reject the incomplete and inadmissible affidavit.

### C. Gemini confirms that the insurer defendants are citizens of Delaware, Connecticut, Arizona, and New York.

The following evidence establishes that Gemini is a citizen of Delaware and Connecticut, Ironshore is a citizen of Arizona, and Navigators is a citizen of New York.

| | |
|---|---|
| **Gemini:** redomesticated to Delaware and principal place of business in Connecticut. | *See* Delaware Dept. of Insurance Report of Examination, attached as Exhibit I. |
| **Ironshore:** incorporated in Arizona with principal place of business in Arizona. | Arizona Dept. of Insurance 2017 annual report, attached as Exhibit J. |
| **Navigators:** incorporated in New York with principal place of business in New York. | (DE 28.)[4] |

This information fully responds to the Court's inquiry regarding the citizenship of the insurer defendants. (DE 53, Pg. 8.)

### D. Gemini confirms that the construction nominal defendants are citizens of Florida.

Gemini obtained the following publicly available information regarding the citizenship of the construction nominal defendants:

| | |
|---|---|
| Collins Roofing, Inc. (Citizen of Florida) | *See* 2018 Florida Profit Corp. Annual Report, attached as Exhibit K. |
| | |
| DA Pau Enterprises, Inc. (Citizen of Florida) | *See* 2018 Florida Profit Corp. Annual Report, attached as Exhibit L. |
| | |
| Structural Contractors South, Inc. (Citizen of Florida) | *See* 2018 Florida Profit Corp. Annual Report, attached as Exhibit M. |
| | |

---

[3] Mr. Heaton's cryptic statement highlights Plaintiffs' sword and shield approach to the factual issues regarding the diversity jurisdiction dispute.
[4] *See also* https://myportal.dfs.ny.gov/companydirectory (last visited 09/23/2018).

| Florida Construction Services, Inc. (Citizen of Florida) | *See* 2018 Florida Profit Corp. Annual Report, attached as Exhibit N. |

This information fully responds to the Court's inquiry regarding the citizenship of the construction nominal defendants. (DE 53, Pg. 9.)

**E.     Gemini has not been to obtain any information regarding the members of the remaining nominal defendants or their citizenship at the time of removal.**

Gemini has not located any publicly available information regarding the members of Southstar Capital Group I, LLC, Cottington Road TIC, LLC, or Durban Road TIC, LLC. As part of its due diligence, Gemini wrote to counsel for these nominal defendants requesting voluntary disclosure of all of the members and/or partners of the LLCs and their citizenship at the time of removal. (*Correspondence*, Ex. O.) As of this filing, no information was provided that would allow Gemini to fully respond to the Court's order. Accordingly, Gemini respectfully requests 60 days of jurisdictional discovery. Through interrogatories and requests for production Gemini hopes to obtain information regarding all of the members of Southstar, Cottington, and Durban and their citizenship at the time of removal.

          Respectfully submitted,

          /s/<u>MICHELE A. VARGAS</u>
          SINA BAHADORAN
          Florida Bar No. 523364
          Sina.Bahadoran@Clydeco.us
          MICHELE A. VARGAS
          Florida Bar No. 686395
          Michele.Vargas@Clydeco.us

          CLYDE & CO US LLP
          1221 Brickell Avenue, Suite 1600
          Miami, Florida 33131
          T: 305.446.2646

## **CERTIFICATE OF SERVICE**

I CERTIFY that on September 26, 2018, this document was filed via the CM/ECF system.

I further certify that I am unaware of any non-CM/ECF participants.

/s/MICHELE A. VARGAS
MICHELE A. VARGAS
