# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HINES INTERESTS LIMITED PARTNERSHIP, URBAN OAKS BUILDERS, LLC, 1662 MULTIFAMILY LLC, HINES 1662 MULTIFAMILY, LLC, HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP, HIMH GP, LLC, HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP and JCH INVESTMENTS, INC.,**

      **Plaintiffs,**

v.                                                     Case No:   6:18-cv-1147-Orl-22DCI

**SOUTHSTAR CAPITAL GROUP I, LLC, COTTINGTON ROAD TIC, LLC, DURBAN ROAD TIC, LLC, COLLIS ROOFING, INC., DA PAU ENTERPRISES, INC., FLORIDA CONSTRUCTION SERVICES, INC., STRUCTURAL CONTRACTORS SOUTH, INC., NAVIGATORS SPECIALTY INSURANCE COMPANY, GEMINI INSURANCE COMPANY and IRONSHORE SPECIALTY INSURANCE COMPANY,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiffs' Response to the Order to Show Cause (Doc. 60), and the Response of the removing party, Gemini Insurance, to the Order to Show Cause and Gemini's request (within the body of the Response[1]) for a sixty-day period to conduct

---

[1] "Under Local Rule 3.01(a), requests for relief must be made in the form of a motion and not buried in a response" to an order or opposing party's motion." *Estate of Miller ex rel. Miller v. Toyota Motor Corp.*, No. 6:07-cv-1358-ORL-19DAB, 2008 WL 516725, at *6 n.8 (M.D. Fla. Feb. 22, 2008) (citation omitted).

jurisdictional discovery to "determine the identity and citizenship of the unknown partners and members." (Doc. 62).

Magistrate Judge Irick entered an Order to Show Cause (Doc. 53) which identified several issues with the citizenship allegations alleged by Gemini Insurance in the Notice of Removal; subject matter jurisdiction to support removal to this Court was based on 28 U.S.C. §1332, diversity of citizenship. "Complete diversity is an absolute requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332." *Hedge Capital Inv. Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937, 940 (11th Cir. 2014).[2] In removing the case from state court, Gemini Insurance asserted that there was complete diversity between Defendants and Plaintiffs because all of the Plaintiffs are citizens of Texas (Doc. 1 at ¶ 47), and all of the defendants are "citizens of Arizona, Connecticut, Delaware, Florida, and New York." Doc. 1 at ¶ 48. The Order to Show Cause (Doc. 53) required Gemini Insurance to properly plead the citizenship of several of the Plaintiffs and certain Defendants who are limited liability companies or limited partnerships and confirm conflicting information about the citizenship of the Defendant Insurers. (*See id.* at 3-4). Magistrate Judge Irick also required Plaintiffs to file amended certificates of interested persons identifying "all members of any LLC including their citizenship" and "all other identifiable legal entities related to any party in the case," which would apply to the limited partnerships. (*See* Doc. 18 at 2, 7).

Plaintiffs, the Hines Entities, did not file the amended certificates of interested persons, but instead filed a Response to the Order to Show Cause representing that "diversity jurisdiction does not exist" because members of the Hines Entities include citizens of Arizona, "which defeats diversity jurisdiction." (Doc. 60 at 2). Plaintiffs' Response states:

---

[2]Unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

> As noted in the attached affidavit, . . . multiple investor members of 1662 Multifamily LLC are citizens of Arizona. *Id*., ¶ 6. As noted, the Complaint states that Ironshore is an Arizona corporation. [Doc. 2], ¶ 17. Ironshore admitted it is an Arizona corporation, and thus is a citizen of Arizona. [Doc. 33], p. 3, ¶17 ("Admitted for jurisdictional purposes only.") As such, various members of the Hines Entities defeat diversity jurisdiction.

(Doc. 60 at 2-3). Plaintiffs have submitted the Affidavit of Richard Heaton, Vice President-Legal/Assistant Secretary of JCH Investments, Inc. in support of their representations. Mr. Heaton states that "[s]ome investor members of 1662 Multifamily LLC are citizens of Arizona." (Doc. 60-1 ¶ 6).

Although Plaintiffs also contend in their Response to the Order to Show Cause that the citizenship of HIMH GP LLC—the managing general partner of Hines Investment Management Holdings Limited Partnership—would destroy diversity because HIMH GP LLC is a "citizen" of Delaware based on where the LLC was organized, the LLC's state of organization does not determine the citizenship of an LLC. As explained in the Order to Show Cause, an unincorporated business entity, such as a limited liability company, is a citizen of every state in which each of its individual members are citizens and a limited partnership is deemed a citizen "of each state in which any of its partners, limited or general, are citizens." *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004).

As an alternative to providing the identities and citizenships of the members of the LLCs and limited partnerships, Plaintiffs request that if the Court requires this additional evidence to assess whether diversity citizenship exists, the Court grant an extension of time and leave to provide the information *in camera* for the Court's review "given the confidential nature of its investors from the public record." (*Id*.).

Gemini Insurance states that it has obtained some publicly available information regarding the partners and members of the Plaintiffs, but it needs additional jurisdictional discovery to determine the identity and citizenship of the unknown partners and members because the

information is not publicly available and Plaintiffs' counsel would not provide it because it is confidential. Gemini Insurance further argues that Plaintiffs' Response to the Order to Show Cause is too cursory, incomplete and the lack of full disclosure impedes Gemini's ability to respond to the factual dispute over diversity jurisdiction. Thus, Gemini Insurance requests sixty days of jurisdictional discovery to serve interrogatories and requests for production on Plaintiffs.[3]

Gemini Insurance, the removing party who has the burden of proving subject matter jurisdiction exists, filed its Response to the Order to Show Cause (Doc. 62) stating that certain of the Plaintiff limited partnership entities had the citizenship of the "sole **general** partner," even though—as explained in the Order to Show Cause—the Court is required to consider the citizenship of all the general partners and all the **limited** partners for a limited partnership. For example, Gemini Insurance continues to list only the citizenship of HIMH GP, LLC as the "sole general partner" of Hines Investment Management Holdings *Limited* Partnership and JCH Investments, Inc. as the "sole general partner" of Hines Real Estate Holdings *Limited* Partnership. Gemini fails to recognize the existence of or the listing the citizenship of any of the *limited* partners. Any limited partnership may have one "sole" general partner, but it must also have *limited* partners, none of whom are listed in the Response or on the official documents supplied as exhibits. (*See id.* at 2-3).

Viewing the parties' Responses to the Order to Show Cause side-by-side, it is not clear whether the parties require the extensive "jurisdictional discovery" Gemini Insurance seeks, or another sixty days to determine if diversity is destroyed. If the "investor members" of Plaintiff 1662 Multifamily LLC [4] to whom Mr. Heaton refers in his affidavit are individuals or

---

[3] Plaintiff Urban Oaks Builders, LLC, filed a Chapter 11 petition in the Bankruptcy Court for the Southern District of Texas, Houston Division on August 31, 2018, and filed a Motion to Transfer Venue to that court on September 4, 2018. (Docs. 46, 47). Until the Court determines whether it has subject matter jurisdiction, it cannot decide the transfer issue, and it would prefer to decide the diversity question as expeditiously as possible without an extension of time for jurisdictional discovery.

[4] In a related case, 1662 Multifamily LLC represented that it "has approximately 170 investor limited

corporations[5] are citizens of Arizona, given that Defendant Ironshore Specialty Insurance Company is also a citizen of Arizona, there would not be complete diversity of citizenship to support the Court's subject matter jurisdiction. The Court would then lack subject matter jurisdiction under § 1332, and the case would have to be remanded. *See Bldg. Materials Corp. of Am. v. Henkel Corp.,* No. 6:15-CV-548-ORL-22GJK, 2017 WL 4082440, at *2 (M.D. Fla. Apr. 17, 2017) (remanding case to state court from which it was removed because once the corporate defendant corrected the citizenship allegations, it conceded that parties on both sides were citizens of the same state, and complete diversity had not existed when the case was removed), *appeal dismissed as moot,* 2017 WL 5997406 (11th Cir. Aug. 23, 2017).

Based on the foregoing, it is ordered as follows:

1. The Clerk is **DIRECTED** to add to the docket entry for Gemini Insurance's Response to the Order to Show Cause in Doc. 60 a "Motion" for jurisdictional discovery and extension of time.

2. Gemini Insurance's Motion for jurisdictional discovery and extension of time to respond to the Order to Show Cause (Doc. 60) is referred to the Magistrate Judge for hearing and ruling or, if necessary, issuance of a Report and Recommendation.

---

liability company members" but did not identify them or their citizenship, filing instead a motion to provide the information *in camera*. *Southstar Capital Group I, LLC v. 1662 Multifamily LLC,* Case No. 6:18-cv-1453-Orl-22DCI (Doc. 40; September 25, 2018).

[5]"[U]nderstand that until you have drilled down to a real person or incorporated entity and alleged their citizenship, you have not arrived." *Everest National Ins. Co. v. Amateur Athletic Union of the United States*, No. 6:17-cv-551-Orl-37GJK, slip op. at 3 (M.D. Fla. Aug. 1, 2017) (Dalton, J.).

- 6 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 1, 2018.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties