**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HINES INTERESTS LIMITED PARTNERSHIP,
URBAN OAKS BUILDERS, LLC, 1662
MULTIFAMILY LLC, HINES 1662 MULTIFAMILY,
LLC, HINES INVESTMENT MANAGEMENT
HOLDINGS LIMITED PARTNERSHIP, HIMH GP,
LLC, HINES REAL ESTATE HOLDINGS LIMITED
PARTNERSHIP and JCH INVESTMENTS, INC.,

        Plaintiffs,

v.                  Case No:   6:18-cv-1147-Orl-22DCI

SOUTHSTAR CAPITAL GROUP I, LLC,
COTTINGTON ROAD TIC, LLC, DURBAN ROAD
TIC, LLC, COLLIS ROOFING, INC., DA PAU
ENTERPRISES, INC., FLORIDA CONSTRUCTION
SERVICES, INC., STRUCTURAL CONTRACTORS
SOUTH, INC., NAVIGATORS SPECIALTY
INSURANCE COMPANY, GEMINI INSURANCE
COMPANY and IRONSHORE SPECIALTY
INSURANCE COMPANY,

        Defendants.

**ORDER**

This cause comes before the Court on Gemini Insurance Company's Motion for leave to conduct jurisdictional discovery (Doc. 62, 64) filed on September 26, 2018. The Magistrate Judge Irick has submitted a Report recommending that the Motion be denied and the case be remanded (Doc. 67). Gemini Insurance has filed an Objection to the Report and Recommendation (Doc. 68) and the Hines Entities have filed their Response to the Objection (Doc. 69). Because the Court finds that it lacks subject matter jurisdiction, Gemini's request for jurisdictional discovery will be denied and the case will be remanded.

        **I.**        **BACKGROUND**

On June 7, 2018, Plaintiffs filed this declaratory judgment action against Defendants in state court seeking a ruling that the insurance company defendants – Gemini Insurance Company, Navigators Specialty Insurance, and Ironshore Specialty Insurance Company (collectively, the "Insurer Defendants") – were obligated to provide a defense on Plaintiffs' behalf against claims of defective construction in a separate state court lawsuit brought by the owner of an apartment complex that Plaintiffs constructed in Celebration, Florida. Doc. 2.

In removing the case from state court on July 17, 2018, Gemini Insurance asserted in its Notice of Removal (Doc. 1) the parties' diversity of citizenship as the basis of federal subject matter jurisdiction, 28 U.S.C. §1332. Gemini Insurance asserted that there was complete diversity of citizenship between the parties because all of the Plaintiffs were citizens of Texas (Doc. 1 at ¶ 47), and all of the Defendants were "citizens of Arizona, Connecticut, Delaware, Florida, and New York" at the time of removal. Doc. 1 at ¶ 48.

On August 31, 2018, one of the Hines Entities, Plaintiff Urban Oaks Builders, LLC, filed a Chapter 11 petition in the Bankruptcy Court for the Southern District of Texas, Houston Division, and filed a Motion to Transfer Venue to that court a few days later on September 4, 2018. (Docs. 46, 47). On September 12, 2018, Magistrate Judge Irick entered an Order to Gemini Insurance, as the removing party, to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction (Doc. 53). The lengthy and detailed Order to Show Cause stated that Gemini Insurance had not established the citizenship of many of the Plaintiffs and several of the Defendants, including Gemini's *own* citizenship, and warned that Gemini's "[f]ailure . . . to properly allege federal diversity jurisdiction may result in the case being remand[ed] to state court." *Id.*; *see Hedge Capital Inv. Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937, 940 (11th Cir. 2014) (unpublished) ("Complete diversity is an absolute requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332."). In the Notice of Removal, Gemini

consistently erred in identifying a number of Plaintiffs and Defendants as Delaware or Florida "limited liability companies" even though the state of organization of a limited liability company does not define the citizenship of a limited liability company because the citizenship of the LLC is that of each of its members. Doc. 53 at 5. Judge Irick also identified several instances of contradictory information between Gemini's representations in the Notice of Removal as to certain parties' or their member's or partner/owner's citizenship[1] and the information documented in the supporting attachments for these entities. *Id*. at 5-10.

Plaintiffs, the Hines Entities, (although not required to) filed a Response to the Order to Show Cause on September 19, 2018 affirmatively representing that "diversity jurisdiction [did] not exist" because members of the Hines Entities included citizens of Arizona, as were certain Defendants, "which defeats diversity jurisdiction." Doc. 60 at 2. Plaintiffs' Response stated that "multiple investor members" of Plaintiff 1662 Multifamily LLC were citizens of Arizona[2] and Defendant Ironshore was an Arizona corporation and citizen; thus, the citizenship of various members of the Hines Entities defeated diversity jurisdiction.[3] Doc. 60 at 2-3.

On September 26, 2018, Gemini Insurance filed a timely response to the Order to Show Cause, conceding that it had only "been able to identify *some* of Plaintiffs' members and partners based on publicly available information." Doc. 62 at 2 (emphasis added). Specifically, Gemini was

---

[1] Issues were raised with the allegations of citizenship for Urban Oaks Builders, LLC; 1662 Multifamily, LLC; Hines 1662 Multifamily, LLC; Hines Investments Management Holdings Limited Partnership; HIMH GP, LLC; Hines Real Estate Holdings Limited Partnership; JCH Investments, Inc.; Hines Interests Limited Partnership; Hines Holdings, Inc.; Gemini Insurance Co.; Navigators Specialty Insurance Company. Doc. 53 at 5-10.

[2] The representation was supported by the Affidavit of Richard Heaton, Vice President- Legal/Assistant Secretary of JCH Investments, Inc. (Doc. 60-1). Plaintiffs also erroneously contended that the citizenship of HIMH GP LLC—the managing general partner of Hines Investment Management Holdings Limited Partnership—would destroy diversity because HIMH GP LLC was a "citizen" of Delaware based on where the LLC was organized. However, the LLC's state of organization does not determine the citizenship of an LLC; rather, an LLC is a citizen of every state in which each of its individual members are citizens. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004).

[3] Plaintiffs requested that, if the Court required additional evidence to assess whether diversity of citizenship did not exist (such as the identities and citizenships of the members of the LLCs and limited partnerships), the Court grant an extension of time and leave to provide the information *in camera* for the Court's review "given the confidential nature of its investors" from the public record.

unable to identify all the members of two entities: (a) 1662 Multifamily LLC and (b) Hines 1662 Multifamily, LLC. *See id.* at 3-4. In an effort to discover the identity of the members of 1662 Multifamily LLC and Hines 1662 Multifamily, LLC, Gemini requested Plaintiffs to voluntarily disclose the identities of those members and their citizenship at the time of removal. *Id.* at 4. The Hines Entities declined to do so on the basis that such information was confidential. *Id.* Gemini Insurance subsequently requested leave of this Court to conduct limited written jurisdictional discovery (interrogatories and requests for production) to "resolve the factual dispute regarding diversity jurisdiction." *Id.* Gemini Insurance claimed the information was not publicly available, although it acknowledged that it had been able to obtain some publicly available information[4] regarding the partners and members of the Hines Entities. Gemini Insurance maintained that the Insurer Defendants are citizens of Delaware, Connecticut, Arizona, and New York.[5] *Id.* at 7.

On October 1, 2018, the Court referred to Magistrate Judge Irick Gemini Insurance's request for jurisdictional discovery and the issue of whether complete diversity of citizenship and federal subject matter jurisdiction existed at the time of removal. On October 15, 2018, Magistrate Judge Irick issued a Report & Recommendation recommending that the Court deny Gemini Insurance's request for jurisdictional discovery and immediately remand the case to state court. Doc. 67. On October 29, 2018, Gemini Insurance filed an Objection to the Report and Recommendation (Doc. 68), and, on November 12, 2018, the Hines Entities filed their Response to Gemini Insurance's Objection (Doc. 69). The matter is now ripe for the Court's determination

---

[4]Gemini Insurance had erroneously represented that certain of the Plaintiff-limited-partnership entities had the citizenship of the "sole general partner," even though the Court is required to consider the citizenship of *all* the general partners and *all* the limited partners for a limited partnership. *See* Doc. 64 at 3-4.
[5]Judge Irick continued to question whether Gemini Insurance had established its own citizenship, because it relied on a document (Doc. 62-9) that appeared to be from sometime between 2013 and 2015, which was more than two years prior to the case being removed, and there was no indication whether the information contained in the document, particularly concerning Gemini Insurance's state of incorporation or principal place of business, changed prior to the removal of this case. Despite the ambiguity, Judge Irick presumed that Gemini was a citizen of Delaware and Connecticut for purposes of his Report and Recommendation, because the assumption had no impact on the ultimate recommendation to remand the case. Doc. 67 at 4 n.5.

as to whether Gemini Insurance established complete diversity of citizenship between the parties at the time the case was removed or is entitled to jurisdictional discovery.

## II.   STAND FOR REVIEW

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam). The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted); *see also Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

## III.   ANALYSIS

It goes almost without saying that "[f]ederal courts are courts of limited jurisdiction." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)). For this reason, "[t]he rule of construing removal statutes strictly and resolving doubts in favor of remand . . . is well-established." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir. 2006), *abrogated on other grounds by Dudley v. Eli Lilly and Co.,* 778 F.3d 909 (11th Cir. 2014). Gemini does not dispute Judge Irick's description of the foundational legal principles governing the removal of cases based on diversity jurisdiction, which is an accurate statement of the law; Gemini disputes only the application of the Eleventh Circuit's decision in *Lowery v. Alabama Power Co.*, 483 F.3d

1184 (11th Cir. 2007), to the facts of this case and the denial of Gemini's request for jurisdictional discovery.

A defendant may remove any civil action from state to federal court over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). An individual is a citizen of the state in which he is domiciled, which is the state where the individual maintains his "true, fixed, and permanent home[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). A corporation is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). And an unincorporated business entity, such as a partnership or limited liability company, is a citizen of every state in which each of its individual partners or members are citizens. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam). "To properly allege the citizenship of an LLC, a party must identify all of the LLC's members and their citizenships." *Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Housing*, 2017 WL 4548066 (11th Cir. Oct. 12, 2017) (citation omitted). However, deficient allegations regarding citizenship may be cured through evidence in

the form of an affidavit or declaration under penalty of perjury. *See, e.g., Travaglio*, 735 F.3d at 1270 (allowing defective allegations regarding citizenship to be cured through record evidence).

### A. The Report and Recommendation

Applying the principles stated above to determine the parties' citizenship, Judge Irick found that Gemini Insurance failed to establish that the Court had subject matter jurisdiction over this case at the time it was removed, and it was not entitled to conduct jurisdictional discovery to demonstrate the Court has such jurisdiction. Doc. 67. Therefore, he recommended remand of the case to state court. *Id*. Although Gemini had established that the amount in controversy exceeded $75,000, Gemini had not established that there was complete diversity of citizenship between the parties at the time it removed the case. Doc. 67 at 3 n.3 (citing Doc. 1 at 13-14). Judge Irick found that, with regard to Gemini's allegations of citizenship, Gemini had implicitly conceded that it could not demonstrate that the Court had subject matter jurisdiction over the case at the time it was removed, and this concession flowed from Gemini's request for jurisdictional discovery to identify the members of two of the Plaintiffs –1662 Multifamily LLC and Hines 1662 Multifamily, LLC. Doc. 67 at 8 (quoting *Lowery*, 483 F.3d at 1217 ("The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists.")). Judge Irick noted that without the information on the members' citizenship for these two Plaintiffs, there was no way for the Court to determine whether the real parties in interest were completely diverse and, consequently, whether the Court had subject matter jurisdiction over the case at the time of removal. *Id*. He rejected Gemini's argument that the Hines Entities' refusal to disclose the identities of the members of two Plaintiffs (1662 Multifamily, LLC and Hines 1662 Multifamily, LLC) had created a "factual dispute" over diversity jurisdiction, and denied Gemini's request for post-removal jurisdictional discovery to find out the correct citizenship of each Plaintiff. *Id*. First, he distinguished Gemini's cited cases allowing such

discovery, finding they all involved motions to dismiss for lack of personal jurisdiction, and the jurisdictional discovery sought was to challenge the factual assertions in the motion to dismiss, while in Gemini's case there were no personal jurisdiction issues with their inherent factual disputes. *Id.*

Second, Judge Irick found that the Eleventh Circuit's decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), mandated that Gemini was not entitled to jurisdictional discovery. *Id*. In *Lowery*, the Eleventh Circuit considered whether "a district court faced with insufficient evidence to establish [subject matter] jurisdiction, may, in assessing the propriety of removal, invoke discovery to supplement that evidence." *Id*. at 1217. Judge Irick relied on the Eleventh Circuit's analysis in *Lowery* where the Eleventh Circuit reasoned that a district court faced with insufficient evidence establishing diversity jurisdiction, should not allow supplemental discovery to determine if removal and federal subject matter jurisdiction exists. *Id*. Even if the defendant in a diversity case has no actual knowledge of the value of the claims, "the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." *Id*. Judge Irick noted that the Circuit found the defendant's request for jurisdictional discovery amounted to an admission that it did not have a factual basis for believing the district court had subject matter jurisdiction over the case at the time it was removed" and the conclusion that "[t]he natural consequence of such an admission is remand to state court." *Id*. at 1217-18. Judge Irick then determined the issue in this case was identical to the issue the Eleventh Circuit addressed in *Lowery* because Gemini's request for jurisdictional discovery "amounted to an admission that it did not have a factual basis for believing the Court had subject matter jurisdiction over the case at the time it was removed" and Plaintiffs' refusal to disclose their members, post-removal, had not created a "factual dispute over diversity jurisdiction" which warranted jurisdictional discovery. Doc. 67 at 9. Since it was Gemini's burden to provide the

necessary information to establish that the real parties in interest were completely diverse and Gemini had failed to provide that information at the time of removal (and in response to the Order to Show Cause), Judge Irick recommended denial of Gemini's request for jurisdictional discovery and remand of the case to state court "where Gemini can (and should have previously) conducted the necessary discovery to determine whether this case [was] removable." Doc. 67 at 10 (citing *Leonard*, 279 F.3d at 972; *Wozniak v. Dolgencorp, LLC*, Case No. 8:09-cv-2224-T-23AEP, 2009 WL 4015577, at *2-3 (M.D. Fla. Nov. 19, 2009) (denying request to conduct limited post-removal discovery to establish that the court has diversity jurisdiction and remanding case to state court)).

### B. Gemini's Objection to the Report and Recommendation

Gemini does not challenge any of the factual determinations by Judge Irick in (1) assessing the citizenship of the members of the Hines Entities' and the Defendants; and (2) finding that Gemini failed to provide the information to establish that the real parties in interest were completely diverse at the time it removed the case and in response to the September 12, 2018 Order to Show Cause. *See* Docs. 53, 67. Instead, Gemini's sole argument is that Judge Irick erred in applying the reasoning of *Lowery* to this case because *Lowery* is "factually distinguishable" and does not support denying jurisdictional discovery or ordering remand of the case. Gemini argues that the issue in this case is a different one—whether the parties are diverse for purposes of removal—and its Notice of Removal included sufficient evidence of diversity between the parties; even when Gemini sought contradictory evidence from the parties after removing the case, it received no relevant[6] response. Doc. 68 at 2-3 (citing Doc. 1-4 to 1-6; Doc. 68-1).

Gemini contends that district courts within the Eleventh Circuit have allowed jurisdictional discovery to resolve "factual disputes" regarding subject matter jurisdiction, citing *Donovan v.*

---

[6]Only counsel for the nominal defendants responded, Doc. 68-2, and Judge Irick did not consider their citizenship. *See* Doc. 67 at 2 n.1.

*Liberty Mut. Ins. Co.*, No. 6:16-cv-157, 2016 WL 890086, *2 (M.D. Fla. Mar. 9, 2016) and *United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, No. 8:14-cv-211, 2014 WL 4059889 (M.D. Fla. Aug. 14, 2014). Gemini argues that it is entitled to conduct jurisdictional discovery to resolve the "disputed facts" of citizenship raised by the affidavit the Hines Entities' filed[7] stating that some members of two Hines Entities are citizens of Arizona—which contradicts the citizenship allegations in Gemini's Notice of Removal and the supporting attachments. Gemini asserts that the Report and Recommendation should be rejected and Gemini should be granted leave to conduct jurisdictional discovery.[8] Doc. 68.

Gemini also argues that *Lowery* is distinguishable because the plaintiffs in *Lowery* moved to remand the case, and the Hines Entities have not filed such a motion in this case, filing instead a "gratuitous" affidavit that "diversity is lacking." Doc. 68 at 3. Gemini contends that *Lowery* does not preclude jurisdictional discovery to test the accuracy of sworn allegations in a "self-serving affidavit" like the one filed by the Hines Entities, and "[i]t is fundamentally unfair to allow a plaintiff to provide an affidavit alleging that the parties are not diverse and then deprive the defendant of the opportunity to conduct discovery regarding those allegations" through written discovery and depositions. *Id*. Gemini argues that this is especially true since the Hines Entities "created the issue" over lack of citizenship and they should not be able to use their affidavit and confidential documents of the LLC's membership as "a sword and shield to kick [the case] out of

---

[7]Judge Irick noted that the Plaintiffs provided a supplemental affidavit (Doc. 65) which "contain[ed] slightly more detail than the first one. *See* Doc. 67 at 5 n.6.

[8]The Court rejects Gemini's argument that allowing additional discovery regarding subject matter jurisdiction is consistent with the Eleventh Circuit's policy of resolving issues "on the merits," rather than on "procedural technicalities." Doc. 68 at 9. If the Court does not have jurisdiction based on complete diversity of the parties as required by § 1332, that is an issue of *subject matter* jurisdiction and invokes federalism concerns. *See Gardner v. Allstate Indem. Co.*, 147 F. Supp. 2d 1257, 1264 (M.D. Ala. 2001) (noting that the diversity jurisdiction statute is strictly construed because of the significant federalism concerns raised by federal courts passing on matters of state law). It is *not* a "procedural technicality" which can be easily resolved through amendment of the notice of removal by the removing defendant. *Cf. Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (holding that the removing defendant's failure to specifically allege citizenship in a notice of removal where subject matter jurisdiction existed was a procedural issue which could be corrected by an amendment to establish diversity jurisdiction).

federal court while depriving [Gemini] of the ability to challenge [the] sworn testimony." *Id.* Gemini also argues that, "*as a matter of law*," it is "entitled to evidence establishing the citizenship of each member and partner of the plaintiff at the time of removal" or else a plaintiff with a preference for state court could deprive a defendant who desires to remove a case to federal court based on a plaintiff's "self-serving affidavit." Doc. 68 at 4, 9.

### C. Hines Entities' Response to Gemini's Objection

The Hines Entities argue that Judge Irick correctly determined Gemini failed to establish diversity jurisdiction existed at the time of removal, and Gemini is not entitled to post-removal jurisdictional discovery based upon binding Eleventh Circuit precedent, including *Lowery*, and several other Middle District cases. Doc. 69 (citing *Dollar Rent A Car, Inc. v. Westover Car Rental, LLC*, No. 2:16-CV-363-FTM-29CM, 2017 WL 1906296, (M.D. Fla. May 10, 2017) (denying "use of the discovery mechanisms of federal court" to conduct jurisdictional discovery to support subject matter jurisdiction in federal court) and a second case). They argue that the Notice of Removal was deficient because it failed to allege every member of each LLC and their citizenship at the time of removal on July 17, 2018 (using a chart created in 2013 for an unrelated action), and diversity jurisdiction does not exist in this case because certain members of two of the Plaintiff LLCs and Defendant Ironshore Insurance are all citizens of Arizona. The Hines Entities argue that they should not have to supplement Gemini's failure to assert diversity jurisdiction when Gemini should have done so before removing this case to federal court.

### D. Discussion

As an initial matter, Gemini mischaracterizes the burden it has upon removal of the case to federal court. Gemini, as the removing defendant, bears the burden of establishing that the Court has subject matter jurisdiction over the case. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the

federal court." *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (holding that the removing defendant bears the burden of proving federal jurisdiction)). Moreover, federal courts have the obligation, in every case, to "zealously insure that jurisdiction exists," *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001), obligating it "to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94, 130 S. Ct. 1181, 1193, 175 L. Ed. 2d 1029 (2010) (holding that the court has an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it).

The *Lowery* decision unequivocally makes clear that a removing defendant in a diversity case may not remove the action on a likelihood or probability that the federal court has jurisdiction, and then, once challenged, seek jurisdictional discovery to support the removal *after* the case arrives in federal court. "Post-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them." *Lowery*, 483 F.3d at 1215. "Sound policy and notions of judicial economy and fairness" dictate that federal courts not allow jurisdictional discovery. *Id*. at 1216. "The removing defendant in a diversity case must allege the factual bases for federal jurisdiction in its notice of removal under § 1446(a), and the defendant must show by fact, and not mere conclusory allegation, that federal jurisdiction exists." *Id*. at 1217. By removing the action to federal court, the defendant has represented to the court that the case belongs before it and "[h]aving made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally." *Id*. If "a defendant [] files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements, and then later faces a motion to remand . . . the court should *not* reserve ruling on

the motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction." *Id.* (emphasis added). As the Eleventh Circuit explained:

> Such fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction.
>
> Here, Alabama Power is a removing defendant that has asserted no factual basis to support federal jurisdiction and now faces a motion to remand. As in the scenario above, the defendants here asked that the district court reserve ruling on the motion to remand so that they could conduct discovery to obtain information from the plaintiffs that would establish that the court has jurisdiction. The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists. *The natural consequence of such an admission is remand to state court*.
>
> Post-removal discovery disrupts the careful assignment of burdens and the delicate balance struck by the underlying rules. A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery. Doing so impermissibly lightens the defendant's burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand.

*Id.* at 1217-18 (emphasis added). The portion of the *Lowery* decision quoted above is the section of the decision that Judge Irick appropriately relied upon in recommending the denial of Gemini's request for jurisdictional discovery and recommending remand of the case.

To the extent Gemini argues that the Hines Entities should not be able to use the citizenship of their Arizona members "as a sword" to preclude Gemini from removing a case, the argument is a red herring. The Plaintiff-Hines-Entities' citizenship (based on the citizenship of its members) is a fact that Gemini could have ascertained through discovery in state court. There must be complete diversity of citizenship between the parties for the court to have subject matter jurisdiction over the case; and the parties cannot waive or consent to jurisdiction to overcome the Court's lack of subject matter jurisdiction. Federal courts are tribunals of limited jurisdiction with the power to decide only certain types of cases, and the parties cannot consent to jurisdiction when it has not been authorized by Congress or the Constitution. *See Fitzgerald v. Seaboard Sys. R.R.*,

760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam). Thus, whether or not the Hines Entities moved to remand the case makes no difference if the parties are not completely diverse because the Court then lacks subject matter jurisdiction and the case *must* be remanded, even if the lack of complete diversity at the time of removal is not detected until after judgment has been entered, when the judgment is on appeal; the case then will be remanded to be tried anew in state court. *See, e.g., Bldg. Materials Corp. of Am. v. Henkel Corp.*, No. 6:15-CV-548-ORL-22GJK, 2017 WL 4082440, at *2 (M.D. Fla. Apr. 17, 2017) (remanding case to state court from which it was removed because once counsel for the corporate defendant corrected the citizenship allegations, defendant conceded diversity jurisdiction had not existed at the time the case was removed), *appeal dismissed as moot*, 2017 WL 5997406 (11th Cir. Aug. 23, 2017).

Gemini also argues that *Lowery* did not reach the issue of an opposing party's "refusal to produce evidence" to the removing party and jurisdictional discovery should be allowed "to refute a party's self-serving affidavit," even when it is provided after removal. Doc. 68 at 5. As the Eleventh Circuit explained in *Lowery,* jurisdictional discovery must be conducted by the removing defendant *prior* to removal such that Gemini as the removing defendant can represent, subject to the requirements of Rule 11, that the federal court has diversity jurisdiction over the claims in the case. *See Lowery*, 483 F.3d at 1217 & n. 74 (the removing defendant's representations are subject to Rule 11 the same as a plaintiff who files a claim originally, as well as under § 1446). Otherwise, the removing defendant who a district court allows to conduct post-removal discovery engages in a "fishing expedition" that "clogs the federal judicial machinery" and "encourages the defendant" to "remove the case prematurely." *Id*. at 1218.

Moreover, the Middle District of Florida case Gemini cites in its Objection (Doc. 68) as allowing "jurisdictional discovery," *Donovan v. Liberty Mutual Insurance Company*, did *not* involve any discovery related to a party's citizenship, which was an undisputed issue in the case;

in allowing the discovery, the magistrate judge in the case relied on non-binding, out of circuit cases which pre-dated the Eleventh Circuit's decision in *Lowery*. No. 6:16-cv-157-22TBS, 2016 WL 890086, *2 (M.D. Fla. Mar. 9, 2016) (Smith, M.J.)[9] (citing *Fed. Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1285, n. 11 (3rd Cir. 1993); *Rose v. Cont'l Aktiengesellscharft (AG)*, No. Civ.A. 99-3794, 2001 WL 236738, at *4 (E.D. Pa., Mar. 2, 2001); *cf. Bennett v. USA Water Polo, Inc.*, No. 08-23533-CIV, 2009 WL 1089480, at *2 (S.D. Fla. Apr. 21, 2009) (district court's decision to allow discovery based on pre-*Lowery* Eleventh Circuit case of *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001), which did not address jurisdictional discovery)).

The only other post-*Lowery* case cited by Gemini, *United Surgical Assistants, LLC v. Aetna Life Insurance. Co*mpany, No. 8:14-cv-211, 2014 WL 4059889, *2 (M.D. Fla. Aug. 14, 2014), is distinguishable because the discovery that the court ordered was primarily to determine whether federal question jurisdiction existed over the putative ERISA claim under the "complete preemption" doctrine; the court never reached the diversity issue. In *Lowery*, the Eleventh Circuit specifically limited the holding to diversity cases, and distinguished cases involving federal question issues, stating that some discovery was allowable in those cases because "federal question jurisdiction is to some extent intertwined with the existence of a valid federal claim on the merits, it has long been established that federal question cases require a stricter standard for dismissal on jurisdictional grounds." *Lowery*, 483 F.3d at 1216 n.71 (citing *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733–34 (11th Cir. 1982)).

Although Gemini argues as though its removal petition was correct when it remove the case, and only later the Hines Entities affidavit challenged some of the factual underpinnings, that

---

[9]Although the *Donovan* case was assigned to the undersigned, no appeal was taken from the decision to grant jurisdictional discovery and this Court did not have occasion to review the decision to allow jurisdictional discovery contrary to *Lowery*. Moreover, the case was remanded for a lack of amount in controversy. *Donovan*, 2016 WL 9525421, at *1.

is clearly not the case based on the detailed and lengthy September 12, 2018 Order to Show Cause from Magistrate Judge Irick which set forth a number of defects in the Notice of Removal (Doc. 53). Moreover, Gemini failed to properly set forth a number of limited partnership citizenship allegations and failed to properly set forth its own citizenship.

After an independent de novo review of the record in this matter, including the Objections filed by Gemini (Doc. 68), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

Based on the foregoing, it is ordered as follows:

1. The Report and Recommendation filed October 15, 2018 (Doc. 67) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Gemini Insurance's Motion for leave to conduct jurisdictional discovery (Doc. 62) is **DENIED**.

3. The Case is hereby **REMANDED** to the Circuit Court for the Ninth Judicial Circuit, in and for Osceola County, Florida (Case Number 2018-CA-1845).

4. The Clerk is **DIRECTED** to close the file.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 20, 2018.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties